CURTIS, Administrator of SMITH *v.* HERRICK *et al.*

An administrator, by our statute, being entitled to possession of the real estate of the deceased, may maintain ejectment.

Where the complaint avers title as administrator, a default admits it.

Where the return of a Sheriff states that he served defendants with a certified copy of the complaint, it will be presumed that the copy was certified by the Clerk, and not by some one else.

Where a man is sued by a fictitious name, and the return of the Sheriff, on the summons, shows service on defendant by his proper name, as "John Doe, *alias* Westfall," a default being entered, judgment may be rendered against the defendant in his true name, Westfall, without proof that Doe and Westfall are the same.

Where, in ejectment against several defendants, the judgment for damages is several, instead of joint, the damages may be remitted, and the judgment for the land stand.

Appeal from the Seventh District.

*W. A. Cornwall,* for Appellant.

1. The action should have been brought in the name of the real party in interest. (Sec. 4, Prac. Act; *Camden Bank* v. *Rogers,* 4 Howard's Pr. 63.) And, *prima facie,* the administrator is not the real party in interest; and, to repel that *prima facie* case, the complaint must allege, affirmatively, that the administrator needs assets to pay debts or the like. This complaint shows no such thing. The heirs at law, or devisees, are, by the law, *prima facie* entitled to the land; and this *prima facie* case,

in favor of the heirs, etc. not being repelled, there is no cause of action in favor of the complainant shown—in other words, the complaint does not set. forth facts sufficient to constitute a cause of action, (Sec. 45, Pr. Act;) and this defect may be taken advantage of on appeal. (*Higgins* v. *Freeman,* 2 Duer, 650; *Montgomery County Bank* v. *Albany City Bank,* 3 Seld. 459; *Burnham* v. *De Bevorse,* 8 How. Pr. 159; *St. Johns* v. *Northrup,* 23 Barb. 30.)

2. There is no averment in the complaint that the plaintiff has sustained any specific amount of damages. The plaintiff can in no case recover more than the *ad damnum,* laid in the complaint; and as there is no *ad damnum,* the plaintiff can recover no damages. The defendants are sued jointly, and the judgment for damages, (by default,) is several, that is to say, the judgment is that the plaintiff have and recover of the said defendants, and each of them, the sum of ten thousand dollars damages, etc. There is neither law nor precedent for such a proceeding.

3. The service of the summons was not made in accordance with the statute, and the Sheriff's return is insufficient to give the Court jurisdiction of the persons of the defendants.

It does not affirmatively appear by said return that a copy of the summons was served on each or any of said defendants; nor does it appear that each or any of the defendants were served with a copy of the complaint in this action, nor that the same was certified by the Clerk of said District Court, as required by law, nor that said summons was served "by delivering a copy thereof attached to the certified copy of the complaint."

The judgment is, therefore, void. (*McMillan & Wife* v. *Reynolds,* 11 Cal. 372; *Aiken* v. *The Quartz Rock, Mariposa Gold Mining Co.* 6 Id. 186; *O'Brien* v. *Shaw's Flat and Tuolumne Canal Co.* 10 Id. 343; Pr. Act, Sec. 28; *Van Rensselaer* v. *Petrie,* 2 How. Pr. 94; *Parsons* v. *Davis,* 3 Cal. 421; *The State* v. *Woodlief,* 2 Id. 241.)

*D. O. Shattuck,* for Respondent.

1. The suit is rightly in the name of the administrator. (Wood's Dig. 411, Arts. 2315, 2316.)

2. The averment of the official character of the plaintiff is sufficient. (2 Chitty's Pl. 33, 34.)

Not necessary under our system to make profert of titles; object of the rule was to afford opposite party inspection of the document by oyer.  (Stephen's Pl. 440.)

Our Practice Act gives another remedy.  (Pr. Act, Sec. 446.)

3.  Averment of damages, if insufficient, is cured by the judgment in the case of *Herrick et al.* v. *Curtis*, on file, which modifies the judgment in this case, by striking out all the damages.

4.  The return of the Sheriff upon mesne process is sufficient to give the Court jurisdiction.  (Pr. Act, Secs. 28, 29.)  A just construction of the return shows an exact compliance with the statute.  The presumption is in favor of a public officer, and when he returns process executed, the law presumes that he did everything which the statute requires.  (2 Cow. & Hill's Notes, 796; *Hyskill* v. *Gildin*, 7 Serg. & Raw. 371.)  If the return on the summons was defective, the presumption is that the defect was cured by other proof, as the record shows that the proof was taken, and that the Court passed upon the sufficiency of the service of process.  If the persons appealing were served with process by the wrong name, they should have set forth their right name by answer.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was an ejectment to recover a tract of land in Sonoma County.  Judgment by default was rendered by the Court against defendants, from which they appeal.  Several points have been made and discussed in the argument, which is it not necessary in the view which we have taken of the case to determine.

1.  The first objection made by the Appellants is, that an administrator cannot sue to recover possession of real estate in this State.  But as the statute gives a right of possession to the administrator, it is difficult to see why he cannot maintain a possessory action to recover it.  The complaint asserts his title as administrator, and the default confesses it.

2.  It is assigned for error that no legal service of a copy of the complaint was made on the defendants.  But the return by the Sheriff expressly asserts that the officer served the defendants with a certified copy of the complaint.  It is argued that this does not show that the copy was certified by the Clerk, but

this criticism is too technical; as the Clerk is the only person who could legally make the certificate, it must be presumed in favor of the officer who has the general power of making service, that he discharged his duty in the legal mode.

3. It is also assigned that several persons were sued in the writ and complaint by fictitious names, and judgment was taken against other parties who bear different names. But the service is returned as made on the particular defendants by their proper names as "John Doe *alias* Westfall." It is true there seems to be no proof that Doe was the same man as Westfall, nor was any necessary. For Westfall after this service on him in this way, having made no appearance or defense, this was equivalent to an admission, that he was the person intended to be sued, and therefore judgment was properly rendered against him.

4. The last assignment of errors is, that in the judgment, damages in a large sum were rendered against each of the defendants, instead of being rendered against all jointly. But an entry appears to have been made by order of the District Judge in another action releasing these damages, and the Respondents offer to remit them in this Court.

The judgment is so modified as to remit these damages, and it is otherwise affirmed at the cost of the Appellants.

Ordered accordingly.