[No. 4972.]

## M. BROWN v. ANDREW LAWSON ET AL.

SERVICE OF SUMMONS ON MINOR.—Under the Practice Act of 1851, in an action against an infant, if he was over fourteen years of age the summons was served by delivering to him personally a copy of the same, and a certified copy of the complaint.

IDEM.—If a father sues his infant son residing with him, and the statute requires the summons to be served personally on the infant and also on the father, a service on the infant alone is sufficient, for the father has notice of the suit without service.

IDEM.—If a judgment against an infant is offered in evidence, and the record shows service on the infant, but does not show with whom he was residing, it will be presumed for the purpose of sustaining the jurisdiction that he was residing with his father.

RETURN OF SERVICE OF SUMMONS.—In a collateral attack on a judgment, the return of a sheriff that he served a copy of the summons, will be held equivalent to a return that he served a copy certified by the clerk.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

Ejectment brought November 21, 1871, to recover a tract of land known as the Rancho del Corte Madera de Novato, lying in Marin county.

In March, 1853, Juan Martin owned the demanded premises, and he and his wife, Tomaso, had five children, to-wit, Mary (married to George Brewer), Josefa, Mary Victoria, Thomas, and Alexander. On the seventh of the said month, the said Juan and his wife executed and delivered a deed of the rancho to their son-in-law, Brewer, in trust, to manage the same, and support them out of the rents and profits, and, upon their death, to divide it among the children in the manner directed by the deed. Brewer died, and his wife became administratrix of his estate; and while she was acting as such, and in February, 1854, said Juan and Tomaso brought an action against her and the other children to set aside the deed of trust. The children were infants, and all except Alexander were over fourteen years of age. The sheriff made the following return to the summons:

"Served the within personally on the within-named defendants, by C. Conroy interpreting, this twenty-eighth day

of February, 1854, and handing a copy of the complaint and summons.

> " J. T. STOCKER, Sheriff.
> " Jno. A. Davis, Un. Sheriff."

On the sixth of July, 1864, a judgment was rendered annulling the trust deed and declaring that the property should revert to the grantors. In November, 1871, Alexander Martin, one of the children, presented a petition to the District Court for Marin county, reciting the death of Brewer, and stating that no trustee had been appointed in his place, and asking the court to appoint one to execute the trust. The plaintiff was appointed such trustee and brought this suit. Juan Martin had died several years before the petition was filed, and before his death had conveyed the property, and one Black had succeeded to the ownership. The defendants were tenants. The court rendered judgment for the defendants, and the plaintiff appealed.

*Calhoun Benham and James B. Southard,* for the appellant, argued that the judgment in *Martin* v. *his children* was void, because the record showed that the summons had not been served, and cited *Gray* v. *Hawes* (8 Cal. 563), and *Hahn* v. *Kelly* (34 Cal. 407).

*W. H. Patterson,* for the Respondents.

The judgment was valid, but however erroneous it may have been, it could only be attacked by appeal or writ of error. (*Porter* v. *Robinson,* 3 Marshall, 253; 6 Dana, 87; 1 Hill, N. Y. 30; 13 Vt. 330; *Blood* v. *Burdick,* 1 Hill, N. Y.; *Barber* v. *Graves,* 18 Vt. 290; 3 A. K. Marshall, 253; 38 Cal. 423, 428; 41 Cal. 253; *Lee* v. *Figg,* 37 Cal.; *Foote* v. *Richmond,* 42 Cal. 440, by consent.) This court will indulge in every presumption necessary to support the judgment. (*Drake* v. *Duvenick,* 45 Cal., expressly when it was entered pursuant to stipulation.)

By the Court, McKINSTRY, J.:

The decree entered at the June term, 1854, is valid. As the law then stood, the service of the summons on the de-

fendants of the age of fourteen years, and upwards, was sufficient. (Practice Act of 1851, Sec. 29, subd. 4; Freeman on Judgments, Sec. 151.)

The infant less than fourteen (Alexander Martin) will be presumed to have been residing with, and to have been under the charge of, his parents, as there is nothing in the record to suggest the contrary. No service could properly have been made, therefore, on any other person than on the ·infant himself, and on his father and mother. (Practice Act of 1851, Sec. 29.)

But the father and mother were plaintiffs in the action. The maxim *lex non cogit ad vana* will have influence in applying the rules of statutory construction, and, unless the letter of the law absolutely requires it, the Legislature will not be held to have made the performance of any act a prerequisite to the acquisition of jurisdiction which could afford no protection to the infant, or information to the natural guardian.

It is manifest that service on the father, who was plaintiff, could in no way have benefited the infant, and we are convinced that the provision requiring such service does not apply where the father is plaintiff. The purpose of the statute was that the natural guardian of the minor should have notice of the proceeding against him, and it cannot be assumed it was intended that the plaintiff should notify himself of the commencement of his own suit.

The sheriff returned that he had served a copy of the complaint. It is urged that the judgment is void, because the return does not show that he served a copy "certified" by the clerk. No greater effect should be given to this omission, because the defendant was an infant, than if he were an adult. The statute, in every case, directs that a copy certified by the clerk shall be served on the defendant; the additional requisite in case of an infant under fourteen being that a copy shall also be served on the guardian. But whether there is a fatal defect in the service of summons on those required to be served is, in every case, to be tested in the same manner.

It has been held that a return that the defendant was

served with a "certified copy" of the complaint was to be construed as if it read "copy certified by the clerk," because the clerk was alone authorized to make and certify a copy; and this on direct appeal from the judgment. (*Curtis* v. *Herrick*, 14 Cal. 117.) Upon like reasoning, the sheriff's return, that he had served a "copy," should be held equal to a return that he had served a "certified copy." The sheriff has no power to serve any other than a copy certified by the clerk; on the assumption that a public officer discharges his duty, and in support of the official return of the sheriff, we hold that the return sufficiently establishes service of such copy as he was alone empowered to serve.

Judgment affirmed.