MERRIT PRIEST, DAVIS OLNEY, ERASTUS
GOODRICH, and JOSEPH DAVIDSON,
*against*
JOEL HAMILTON.

When an in-
fant is coupled
in a judgment
as defendant
with others of
full age, and
*error is brought
by all* after the
expiration of a

IN ERROR. The facts apparent on the record
are, that *Joel Hamilton*, the defendant in error, on the
22d of *January*, 1799, brought his action against
*Merrit Priest, Davis Olney, Heman Stannard,*
year from the judgment rendered, but within a year from the time the
impediment of infancy is removed, the writ of error is not barred by the statute of
limitations, but is within the purview of the saving clause.

*Erastus Goodrich, Wait Goodrich,* and *Joseph Da-* <span style="float:right">Priest and<br>others<br>v.<br>Hamilton.</span>
*vidson,* returnable to *Rutland* County Court, *March*
term, A. D. 1799; in which he declared against
them in trespass *vi et armis,* for breaking and enter-
ing his close in the darkness of the night, and cut-
ting down, felling, peeling, girdling and destroying
thirty fruit-bearing apple-trees, then and there stand-
ing and growing. Writ served on the 24th and 25th
of *January,* 1799, by arresting the bodies of the de-
fendants, and *Jonathan Orms* became bail for the ap-
pearance of *Erastus Goodrich.* In the County Court
the defendants pleaded severally the general issue.
The Jury returned a verdict, that *Merrit Priest,*
*Davis Olney, Erastus Goodrich,* and *Joseph Davidson,*
are guilty, and found for the plaintiff to recover 140
dollars. The cause came by appeal to the Supreme
Court, *January* term, 1800, when it went to the Jury
upon the same pleadings and verdict against *Priest,*
*Olney, Erastus Goodrich,* and *Davidson,* 64 dollars
damages, and judgment entered accordingly. The
writ of error bears test the 4th of *February,* 1801,
served 11th of *March,* 1801, and made returnable to
*January* term, Supreme Court, 1802, and is brought
to reverse the judgment of the Supreme Court.*

---

\* This is the first writ of error *coram nobis,* issued by the <span style="float:right">The Court will</span>
Supreme Court, of which I have any knowledge. The ques- not sustain a
tion whether it would lie or not, seems not to have been stir- writ of error
coram nobis,
red. At the *January* term, 1804, of the Supreme Court in this where the er-
County, in the case of *John Cook,* Esquire, v. *Darius Chipman,* ror assigned is
an error in
Esquire, the Court decided, upon solemn argument, that they law, and the
would not sustain a writ of error *coram nobis,* where the error same point has
been decided
assigned was an error in law, and the same point had been de- in the same
cided in the same cause on motion in arrest of judgment. cause on mo-
This cause will be reported in order of time.....*Reporter.* tion in arrest
of judgment.

Priest and others v. Hamilton.

Vermont Stat. vol. 2. p. 409. passed November 6, 1797.

The defendant in error pleaded the statute of limitation in bar in abatement to the action, section 11th, " That no judgment or proceedings in course of justice in any real or personal action, shall, from and after the passing of this act be reversed or avoided for any error or defect therein, unless the writ of error, or suit for reversing such judgment or proceedings in course of justice be commenced and duly served on the defendant or defendants in error, according to law, *within one year next after the rendition of such judgment*, or within one year next after such error or defect shall have intervened;" and then alleged, that the judgment was rendered at the *January* term of the Supreme Court, 1800, and the writ of error served the 11th of *March*, 1801, more than one year next after the rendition of such judgment.

Ib. p. 410.

The plaintiffs replied over the saving clause of the same section, saving always unto infants, *feme coverts*, persons *non compos mentis*, persons in prison, beyond seas, or without the *United States*, the right of bringing any writ of error or suit for reversing any judgment or proceedings in the course of justice at any time within one year next after such impediment shall be removed, and not after; and alleged, that *Erastus Goodrich*, one of the plaintiffs in error, at the time of rendering said judgment was a minor under the age of twenty-one years, to wit, of the age of twenty years and three months, and no more, on the 20th of *January*, 1800, being the time of rendering said judgment, and that one full year did not elapse after the said *Erastus Goodrich* became of age, before the said plaintiffs brought their said writ of error, and served the same on the defendant, as by

said writ of error, and service thereon made, would more fully appear; *et hoc parati sunt verificare.*

To this replication defendant demurred.

The question now is, whether, when an infant is coupled in a judgment as defendant with others of full age, and error is brought by *all* after the expiration of a year from the judgment rendered, but within a year from the time the impediment of infancy is removed, the writ of error is barred by the statute, or within the purview of the saving clause.

*By the Court.* Must not all parties against whom judgment is rendered, join in a writ of error?

Defendant's counsel. We consider that *some* may bring error *sub modo.*

*Court.* It is laid down in *Rolle's Abridgment,* as cited by Chief Baron *Comyns,* " that though some get nothing by the reversal, they must join for conformity;" and if judgment against two, writ of error *ad grave damnum* of one will not lie. Though some who are not attached to the record, yet privy to the judgment, may join in the writ, yet certainly all those who are subjected to the judgment must join, if living, and if not the decease must be suggested in the writ. The law upon this point is expressly laid down in the case of *Walter* v. *Stokoe,* 1 Lord *Raym. Rep.* " Judgment in trespass was given against five; four bring error, and adjudged that the writ was not good. For all persons against whom a joint judgment is given ought to join in a writ of error; but it appears here upon the face of the writ, that there was another person against whom the judg-

*Priest and others v. Hamilton.*

*Roll.* 1. p. 747. l. 35. *Com. Dig.* vol. 5. p. 701. tit. *Pleader.* 3 B. 9.

P. 71.

ment was given, who has not joined in the writ of error, and it is not alleged that he is dead, and therefore the writ is bad." In the case in question, could the original *adult defendants* have sustained error without joining *Erastus Goodrich?* Could they have joined him *dum infra ætatem?* How then could they have brought their writ within the year from the judgment?

Defendant's counsel. We consider that his name might have been joined under the sanction of an official or natural guardian, or *prochein ami.*

*Court.* Could the adult original defendants have compelled him or them to join in the suit?

Defendant's counsel. We see no greater difficulty in compelling the guardian to join, than in enforcing any partner, in a judgment where there are several defendants, to join for the benefit of the others in a writ of error; and we find in a note under the case of *Walter* v. *Stokoe,* in Lord *Raymond's Reports,* cited *Carth.* 8. by the Court, under the authority of *Carthew* and *Yelv.* 4. *Yelverton,* " that if any of them refuse, he or they should be summoned and served."

*Carth.* 8.
*Yelv.* 4.

There is no process in this State to compel the privies in a judgment to join in a writ of error.

*Court.* We have no such process in this State; but if there were, could it apply in cases where no official or natural guardian exists? An infant must prosecute by his guardian or next friend, and he must defend by them when sued; but the plaintiff who sues an infant cannot elect a guardian, or force a *prochein ami* upon him by his writ; he must in such case, if no one appears to defend for the infant, move the

Court, who will appoint a *prochein ami*. Neither can he, if he is coupled in judgment with an infant, appoint a guardian to him, or force a *prochein ami* upon him by inserting his or their names in his writ of error. If he inserts the infant's name alone in the writ, the Court cannot aid him by appointing a guardian to prosecute. The only power the Court have to appoint a guardian to an infant party, is where he is made defendant, and this from the urgency or necessity of the case. An infant may be sued for a trespass. If he has an official or natural guardian, he may appear in his defence on the record. If he has none, the Court will appoint some one to plead for him. But this urgency or necessity does not reach the case where the infant is plaintiff. There the Judge of probate may appoint, or preparatory arrangements be made with the natural guardian or next friend, to lend his name in aid of the prosecution. The Court, therefore, never appoint a guardian to *prosecute*, but only to defend an infant party.

The Court are therefore clearly of opinion, that the writ of error would have abated if brought by the original adult defendants during the minority of *Erastus Goodrich;* and the writ appearing to have been served within a year after the impediment of nonage was removed, the action is not barred by the statute of limitations, and the plaintiff's replication is sufficient, and that the plaintiff's writ do not abate.

*Respondeas ouster.*

Priest and others v. Hamilton.

The Court never appoint a guardian to *prosecute* for, but only to *defend* an infant party. Vide R. 2 *Cro.* 641. in support of this practice.

Priest and
others
v.
Hamilton.

*Argument upon the errors assigned.*

If an infant is coupled in a judgment on trespass with others of full age, and error is brought by all, and the error assigned be, that it does not appear on the record that the infant defended the suit by guardian, and the defendant in error alleges in his plea, that the natural guardian actually appeared and employed counsel to defend the suit for the infant, on demurrer such appearance will be held sufficient, and the original judgment will not for that cause be reversed.

The error assigned is, that at the time of rendering the judgment aforesaid, the said *Erastus Goodrich* was a minor under the age of twenty-one years, to wit, of the age of twenty years and three months, and no more, and legally and totally incapable of appearing and answering or defending in said suit, in any way other than by a guardian, and that the plaintiff did not cite any person to appear as guardian to said minor, nor was any person appointed by the Court; that the Court did proceed to render one entire judgment against the said *Merrit Priest, Davis Olney, Erastus Goodrich,* and *Joseph Davidson,* whereas the said *Erastus Goodrich* never had any day in Court, or any opportunity to put in a plea, or to be heard in said matters, and no damages ought to have been given or assessed against the said *Erastus Goodrich,* or either of them; and then a general assignment of errors.

And now the defendant in error comes, &c. by his attorneys, &c. and pleads and says, that although true it is, that the said *Erastus Goodrich* was a minor under the age of twenty-one years, at the time of rendering said judgment, as the plaintiffs in their declaration have alleged, yet he saith, that *Asa Goodrich,* the father and natural guardian of the said *Erastus,* and *Jonathan Orms,* to whom the said *Erastus* was, at the time of the trial and judgment aforesaid, an indented apprentice, as guardian and master to the said *Erastus,* were duly notified of the action aforesaid, on which the judgment aforesaid was rendered as aforesaid, and that as guardian and master

as aforesaid, the said *Asa Goodrich* and *Jonathan Orms* jointly and severally engaged, retained, and employed *Israel Smith*, *Samuel Walker*, and *John Cook*, Esquires, attorneys of this Court, to defend the said *Erastus Goodrich* in the action aforesaid, and that the said *Israel Smith*, *Samuel Walker*, and *John Cook*, attorneys as aforesaid, did defend the said *Erastus* in said action to the final judgment aforesaid, *absque hoc*; and therefore, &c.

To this plea the plaintiffs in error demurred.

Counsel for the demurrants. The plea confesses, that *Erastus Goodrich* was, at the time of rendering the judgment, a minor, but avoids, or attempts to avoid, the error assigned, to wit, that the now plaintiffs in the original suit did not cite any person to appear as guardian to the minor, nor was any person appointed by the Court, by alleging that *Asa Goodrich*, the parent and natural guardian of *Erastus Goodrich*, and also *Jonathan Orms*, to whom the minor was an indented apprentice at the time of the trial, and rendering judgment, were notified, and appeared and employed certain attorneys of the Court to defend the action on part of the minor.

We consider this plea to be bad, in this, that it does not set forth that *Asa Goodrich*, the parent and natural guardian of *Erastus*, obtained leave of the Court to defend as guardian to the minor, or appears to have defended him on the record. We do not notice *Jonathan Orms*, as he could not be considered as guardian to the minor by virtue of the indentures of apprenticeship.

When an infant is made defendant, he cannot defend himself. " He must appear only by guardian,

<em>Priest and others v. Hamilton.</em>

for he has not knowledge of his own affairs, or to choose a man who can plead well for him." *Com. Dig.* vol. 5. p. 572. tit. *Pleader*, 2 *C.* 2.

So, p. 573. " If several defendants appear by attorney, *and one is an infant, it is error*, and the judgment shall be reversed against all."

The practice is well settled in the case of *Shipman* v. *Stevens, C. B.* 2 *Wils. Rep.* p. 50. " Where the defendant is an infant, the plaintiff ought to apply to him to name his guardian, and in default thereof the plaintiff must apply to the Court to oblige him so to do."

If the infant party has a natural guardian, he cannot appear and defend for him without leave of Court, and this leave of Court should appear on the record. It is not an evanescent thing, like the interlocutory opinions of the Court, which decide the admissibility of witnesses, or the priority of speaking : but it is an important part of the process, without which the judgment will be erroneous ; therefore it is not sufficient to say, as in the plea, that the thing happened; but, was it done by leave of Court, and is it recorded. If it had happened, and the clerk had by mistake omitted to notice it in making up the record, it is a. fact of such a nature as would have obtruded itself prominently on the record. In pleading the general issue, which was pleaded *severally*, *Erastus*, the minor, would appear to have pleaded by *Asa Goodrich*, his parent and natural guardian *per Curiam specialiter admiss.*

In the case of *Peachy* v. *Harrison*, 1 Lord *Raym.* p. 252. it is laid down, that the admittance of a guardian for an infant plaintiff must be entered on the record, and the same applies to the admittance of a

guardian to an infant defendant; and so we consider has been the uniform practice of this Court.

Counsel for defendant in error.  It stands confessed by the demurrer, that *Erastus Goodrich*, the minor, appeared and defended the suit by counsel employed by his guardians; but it is contended this should have been by special leave of the Court, and been made part of the record.   Perhaps the practice has been too lax ; but we consider, that by our practice, where an infant defendant has appeared by his official or natural guardian, the guardian has always been permitted to defend without special leave of the Court; but where no official or natural guardian appeared, and the Court has appointed one *ex mere motu*, or upon application of the opposite party, then and then only has the record of the appointment, and license to defend, been made.   If there be any force in the observation, that if the fact of defence by guardian had existed, it would have obtruded itself on the record, we reply, that the guardian by indenture of apprenticeship, *Jonathan Orms*, and the parent and natural guardian of the minor, *Asa Goodrich*, do appear to have defended him on the record ; the first having entered bail for the minor's appearance at Court on the mesne process, the second having entered a recognisance for the minor's appeal to this Court.

But to consider the subject more particularly: We contend, that when an infant is connected with other defendants of full age, he may appear and defend with the others, under the power of attorney made by them, although the infant cannot thus appear and defend when sole defendant, for this obvious reason,

Priest and
others
v.
Hamilton.

Com. Dig. vol.
5. p. 572.

that he cannot execute a power of attorney. It is laid down in the books, " If several sue jointly, and some are within age and some of full age, and all appear by attorney, it is no error; for those of full age may make an attorney for all ;" and by parity of reason, if several *are sued*, some within age and some of full age, and all appear by attorney, it is no error.

The cases cited from *Comyns' Digest*, Lord *Raymond's* and *Wilson's Reports*, are therefore not in point, for they contemplate suits where the infant is *sole defendant*, and cannot take the benefit of the letter of attorney executed by his co-defendants who are adult.

We contend further, that if an infant, when joined with other defendants of full age, cannot defend by attorney, yet if he have a parent or natural guardian, who appears and defends for him, such defence may be made without special leave of the Court, or such leave, if necessary, will be presumed, if a natural guardian exists and has had notice, which is in the present case, and need not be made matter of record. The admission by the Court of a guardian to defend an infant, appears not to have been considered in the *English* Courts as a matter of so high import as is

Ib. p. 573. tit.
Pleader, 2 C. 2.

contended for by our opponents; for we read, " If an infant defendant appears and pleads by guardian *regularly*, he ought to be admitted before he appears or pleads ; but if *he is not admitted, it is not error*, but only a misdemeanor in the attorney ;" and this comports with our practice, as already suggested.

As this is an error in fact, why did not the plaintiff meet us fairly upon the issue, whether *Erastus* the minor did or did not appear and defend the original

suit by his guardians? It seems they dreaded this investigation, and have rested their cause upon a mere technical omission in the record, which the Court, we trust, will not favour.

Counsel for the demurrants. We do not consider this a mere technical omission in the record. The authorities cited show such omission has been considered as substantial error.

It is objected, that the cases cited are not in point, as they recite cases wherein the infant is sole defendant; yet the position laid down by Chief Baron *Comyns*, which is supported by numerous respectable authorities, says, " that if several defendants appear by attorney, and one is an infant, it is error, and judgment shall be reversed against all."

R. 2 *Cro.* 289.
1 *Roll.* 776. 1.
25. R. 2 *Cro.*
303. R *Al.* 74.
R. 1 *Lev.* 294.
R. F,g. 1.

The position read from the same author by our opponents, " that if several *sue jointly*, and some are within age and some are of full age, and all appear by attorney, it is no error, for those of full age may make an attorney for all," certainly cannot apply.

First. It is applicable only where infants are joined with adults *as plaintiffs*, and *not as defendants*.

Secondly. It respects joint actions; " *if several sue jointly.*" There may result a necessity for the immediate prosecution of actions upon joint contracts, and those of full age cannot injure those under age by commencing and prosecuting suits for the recovery of *their* interest, as conjointly connected with their own ; but in joint and several contracts, the reason would not apply.

Neither would the reason of this position apply to infants joined with adults as defendants, at least where

the action was not joint, and several defences might be made.

It will be recollected, that, in the present case, *Erastus* the minor pleaded *severally*. If, therefore, he might have been covered by the power of attorney of the other defendants, he certainly was not, having made a separate defence.

It is said, if an infant defendant have a natural guardian, the guardian may by our practice appear and defend without leave of Court, especially obtained. Be it so. But this is aside of the question mooted; which is, whether the guardian did in this case appear and defend by leave of Court, and whether, if the fact existed, the Court, sitting as a Supreme Court of Errors, can know it, but by the record. It certainly is not expressly set forth in the record. If it were, we should naturally expect to find it in the first plea of *Erastus* the minor. Here is the proper place for the guardian to appear in defence of his ward. Here it is not. But it is said, that *Asa Goodrich*, the parent and natural guardian, and *Jonathan Orms*, the minor's master by indenture of apprenticeship, appeared and defended the action for him. How? One by entering bail for him on the mesne process, the other for the appeal? Is this defending the suit?

It is said, the admission of a guardian to defend an infant party is lightly esteemed in the *English* Courts. But in the case of *Peachy* v. *Harrison*, the plaintiff, being an infant, brought an action by guardian, and after verdict for him it was moved in arrest of judgment, that there was no warrant for him to appear by guardian entered upon record; and it was resolved by the whole Court, that *the admittance of a*

*guardian ought to be upon record*, because it is the act of the Court; for the Court takes care of infants, that none shall sue for them but those that are responsible; for if the infant be prejudiced, he may have his action against him. But judgment cannot be arrested for this cause, any more than if no warrant of attorney be filed. But upon error brought, and diminution alleged and certified in *B. R. it will be ill, for which the judgment may be reversed.*

The position read by our opponents from *Comyns' Digest,* " that if an infant defendant *appears and pleads* by guardian regularly, he ought to be admitted as such before he appears or pleads; but if he is not admitted, it is not error, being only a misdemeanor in the attorney," goes only to *the mere act of admission by the Court.* But if the case had been, that the record did not show that the guardian *appeared and pleaded,* it would undoubtedly have been error.

It is said the practice of this Court has been lax in such cases. It is then surely time to give it tone. Actions of trespass may, it is true, be maintained against infants. It is right it should be so. The peace of society requires it. But when sued, the law will still consider them as infants. They may suffer, but they cannot act; and if they have attempted to act in their nonage, as by defending a suit *personally,* the law will enable them, when arrived at legal maturity, to review what they may have suffered during the imbecility of infancy, and will not permit any one to keep an advantage gained over them during that imbecile æra. If the infant has had damages awarded against him by judgment of Court, upon his coming of age he will repair to the record. If he therein discovers, that his guardian appeared and de-

Priest and
others
v.
Hamilton.

fended his cause for him, he must rest satisfied. But if he finds, as in the present case, that a judgment has been rendered against him at a time when, in the words of an author cited, " he had not knowledge of his own affairs," and that without a guardian to defend him, he will render the saving clause of the statute of limitation, error such judgment, and seek by due course of law to obtain that justice as a man which was not rendered him when an infant. For these reasons, if the record has not hitherto, it ought surely henceforth, to notice the important and substantial fact in the process, that the guardian of a minor appeared, pleaded, and defended him in a suit brought against him by especial appointment, or leave of the Court.

Judgment affirmed.

*Lott Hall* and *Samuel Prentice*, for the plaintiff in error.

*Daniel Chipman*, *Cephas Smith*, Junior, *Chauncey Langdon*, and *John Cook*, for defendant.