## FULLER *v.* SMITH.*

*Infancy.   Appearance and Defence by Natural Guardian.*

An infant is not legally capable of appearing and defending, nor of appointing an attorney to appear and defend for him; but appearance and defence by his father and natural guardian are sufficient, and need not appear of record, but may be shown by parol.  Thus, where in a suit against an infant, his father became bail, was present during the entire trial, testified on material points at the suggestion of his son's counsel, assisted in impanneling the jury, and would have appealed if he had not known of his son's minority, judgment against the son, upon *audita querela* to set it aside, was held valid and binding.

AUDITA QUERELA to set aside a judgment of a justice of the peace in favor of the defendant and against the complainant. Plea, the general issue, and trial by the court, at the April Term, 1874, PIERPOINT, C. J., presiding.  The facts are sufficiently stated in the opinion.  Judgment for defendant; exceptions by complainant.

*Henry Ballard* (*Brigham & Waterman* with him), for the complainant, cited *Starbird* v. *Moore*, 21 Vt. 529 ; 1 Swift Dig. 60 ; *Wilder* v. *Eldridge & Tr.* 17 Vt. 226 ; *Keeler* v. *Fassett*, 21 Vt. 539.

*C. S. Palmer* (*L. F. Wilbur* with him); for the defendant, cited *Wrisleys* v. *Kenyon*, 28 Vt. 5 ; *Judson* v. *Blanchard*, 3 Conn. 580 ; *Turner* v. *Partridge*, 3 Penn. 172 ; *Heft* v. *McGill*, 3 Barr, 259 ; 1 Am. Lead. Cas. 264 ; *Brown* v. *McKae's Exrs.* 4 Mumf. 459 ; *Priest* v. *Hamilton*, 2 Tyler, 44 ; *Mercer* v. *Watson*, 1 Watts, 330 ; *Cato* v. *Early*, 2 Stew. 214 ; Tyler Infancy, 205.

The opinion of the court was delivered by

ROYCE, J.  This was an action of *audita querela*, brought to set aside and vacate a judgment of a justice of the peace in favor

*Decided at the January Term, 1875.

of the defendant and against the complainant. The case shows
that at the time the writ was served upon the complainant, and
the trial had which resulted in the judgment sought to be vacated,
he was a minor ; that no guardian of the complainant had ever
been appointed ; that no guardian *ad litem* was appointed by the
justice on said trial ; and that the question of the minority of the
complainant was not raised before the justice at all during the
trial. It further appeared that upon the request of the officer
who served the writ in favor of the defendant against the com-
plainant, Willard Fuller, the father of the complainant, became
bail for him by indorsing his name upon the back of the writ ;
that the said Willard was present at the trial, and testified as a
witness upon material points in the case, and that he attended as
such witness at the suggestion of the counsel for the complainant ;
that he assisted his son and his counsel in the impanneling of the
jury, and was present during the entire trial, and interested him-
self in the case to its close ; and he testified that he should have
taken an appeal to the County Court if he had not known that
his son was under twenty-one years of age at the time of the
trial.

The question presented is, whether, upon the above facts, the
judgment sought to be vacated is a valid, binding judgment, or
whether it is voidable by the complainant. It is well settled that
an infant is legally incapable of appearing for himself and de-
fending his suit in court, or of appointing an attorney to appear
and defend for him ; and such an appearance or defence is not,
in contemplation of law, binding, because the infant is deemed
not to have had his day in court. But where the party who is
legally competent to appear in behalf of the infant has notice of
the pendency of the suit, and opportunity to appear and defend
the same, and actually does appear and participate in the defence,
the infant has his day in court, and has opportunity to make de-
fence by one having legal capacity to make it. Where a guardian
*ad litem* is appointed for an infant, the appointment should appear
of record. But the appearance in, and defence of, the suit by
the natural guardian, need not be made a matter of record, and
may be shown by parol. The cases of *Priest* v. *Hamilton*, 2

Tyler, 44, and *Wrisley & Wrisley* v. *Kenyon*, 28 Vt. 5, are full
authorities in support of both of these propositions. See also
1 Am. Lead. Cas. 265, marginal paging, and cases there cited.
Judgment affirmed.