## LOUIS CASSIER'S CASE.

Suffolk.    Jan. 19. — June 22, 1885.    FIELD, DEVENS, & COLBURN, JJ.,
        absent.

Under the Pub. Sts. c. 162, an infant is not liable to arrest for debt upon a civil
process.

MORTON, C. J.   This is a petition for a writ of habeas corpus. The petitioner has been arrested and imprisoned upon two executions.   One is an execution in favor of one Swan, issued upon a judgment in an action of contract for board and lodging of the petitioner, the only affidavit upon the execution being that the creditor believes, and has good reason to believe, that the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the judgment creditor's claim.   The other is an execution for costs in a landlord and tenant process, upon which no affidavit is ordinarily required to justify an arrest.   Pub. Sts. c. 162, § 5. At the time of the arrests, the petitioner was an infant, and no guardian *ad litem* was appointed for him in either of the suits, or in any of the proceedings under the executions.

The principal question in the case is whether, under our laws, an infant is liable to arrest for debt upon a civil process.

The modern legislation of this Commonwealth has made important changes in the laws as to arrest and imprisonment for debt.   The general policy of our laws is to prohibit the imprisonment of any person for debt, unless he has property which it is within his power to apply to the payment of his debts.   Now, no person can be arrested on mesne process in an action of contract, unless it is proved to the satisfaction of a magistrate that there is reason to believe that he has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim.   Pub. Sts. c. 162, § 1.   So no person can be arrested on execution, unless the magistrate is satisfied of the same fact, or that the debtor has been guilty of one of the fraudulent or wasteful acts specified in the statute.   § 17.   Before issuing a certificate authorizing the arrest of a debtor on execution, upon the ground

that he has property which he does not intend to apply to the payment of the plaintiff's claim, the magistrate is required to give notice to the debtor, who has the right to a hearing. § 18. If, upon such hearing, it appears that he has no property, no certificate authorizing his arrest is issued. If it appears that he has property, he may produce it to be taken upon the execution, or may transfer and assign it to the judgment creditor. § 21. And, if he does so, he is exempt from arrest. § 24. Whenever a debtor is arrested upon mesné process or execution, he is to be allowed a reasonable time to procure sureties for his recognizance, and he is to be taken before a magistrate, who, if he desires to take the oath for the relief of poor debtors, may take his recognizance with sufficient sureties to appear at a future day and submit to examination. § 27. And afterwards, upon due notice to the creditor, he may be examined, and, if it appears that he has not property to the amount of twenty dollars, except what is exempt from being taken on execution, he is discharged from arrest. §§ 38–40.

This general outline of our statutes concerning arrest and imprisonment shows that it is not the policy of the laws to imprison for debt; and that the arrest of a debtor is intended as a coercive measure, to compel him to apply his property to the payment of his debts.

It seems to us that most of these provisions cannot be applied to an infant, without violating well known and established principles of law; and therefore we infer that the Legislature did not intend to authorize the arrest of infants, either upon mesne process or execution. The provisions were plainly intended to apply to persons who are *sui juris*, capable of managing their own affairs and controlling their own property. An infant is deemed in law to be incompetent to enter into contracts, or to manage and control his own affairs. He cannot employ an attorney to represent his interests or defend his rights in a legal proceeding. A judgment against him obtained without the appointment by the court of a guardian *ad litem*, is voidable, and may be reversed on a writ of error.

Accordingly, it was held in *Farris* v. *Richardson*, 6 Allen, 118, that proceedings in insolvency *in invitum* against an infant, in which no guardian *ad litem* was appointed, were void; and,

though not decided, it was very strongly intimated that the insolvent laws are not applicable to infants.

In *Blake's case*, 106 Mass. 501, it was held that a spendthrift under guardianship could not lawfully be arrested on an execution issued upon a judgment in an action of contract, the only charge upon which the certificate authorizing the arrest was granted being that the debtor had property, not exempt from being taken on execution, which he did not intend to apply to the payment of the creditor's claim. The reasoning of the opinion applies with equal force to the case at bar.

An infant, if arrested, not being capable of entering into contracts or of controlling his property, could not avail himself of the provisions of the statute intended for the relief of arrested debtors. He could not enter into a recognizance; he could not furnish any security so as to obtain sureties on his recognizance; he could not transfer and assign his property, or expose it to be taken on execution, and thus procure his discharge. It is no answer to say, that, if we construe the statute to include infants, these powers would follow by implication. It is not reasonable to suppose that the Legislature intended to annul the established principles of law as to infancy, and to confer upon infants, by indirection, the powers of persons of full age. The more reasonable inference is, that the statute was intended to apply to persons *sui juris*, and not to infants.

We are therefore of opinion that the arrest of the petitioner was illegal in both cases before us; and that he is entitled to be discharged upon habeas corpus. *Blake's case, ubi supra.*

*Prisoner discharged.*

*H. Dunham*, for the petitioner.

No counsel appeared *contra*.