WILLIAM JOHNSON *vs.* MARIA A. WATERHOUSE.

Bristol.   October 30, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Judgment against Infant — Guardian — Writ of Error.*

A judgment cannot properly be rendered in a civil action against an infant who has no probate guardian or guardian *ad litem*, although his parents in fact represent him at the trial and by the aid of counsel defend the action on his behalf.

WRIT OF ERROR to reverse a judgment of the Superior Court, rendered in an action of tort to recover for personal injuries occasioned to the defendant in error by a dog owned by the plaintiff in error.   The record showed that the answer in the original action contained a general denial, and alleged that the defendant at the time of the issuing out of the plaintiff's writ " was and is under twenty-one years of age."   The second para-

graph of the plea was as follows: " And further says that the plaintiff was a minor, as alleged, at the time of said judgment, and that he had no probate guardian or legally appointed guardian *ad litem;* but that he was in fact represented and defended in said action, in which judgment was recovered, by his father and mother, and that said action was twice tried by a jury, and at both trials the father and mother were present in said Superior Court, and were represented by counsel, and defended said action on behalf of said petitioner."

At the hearing, before *Field,* J., the facts contained in the second paragraph of the plea were admitted to be true, and the judge reserved the case for the consideration of the full court.

*H. K. Braley & M. G. B. Swift,* for the plaintiff in error.

*A. J. Jennings & J. S. Brayton, Jr.,* for the defendant in error.

C. ALLEN, J.   The general rule is well established, that a judgment cannot properly be rendered against an infant defendant in a civil suit, unless he has a guardian who may defend the suit in his behalf; and if a judgment is so rendered, the infant is entitled to maintain a writ of error to avoid the same.   *Crockett* v. *Drew,* 5 Gray, 399.   *Swan* v. *Horton,* 14 Gray, 179. *Farris* v. *Richardson,* 6 Allen, 118.   *Mansur* v. *Pratt,* 101 Mass. 60.   *Cassier's case,* 139 Mass. 458.

In the present case, the plea avers that the plaintiff in error was an infant at the time of the rendering of the judgment, and had no probate guardian or legally appointed guardian *ad litem,* but was in fact represented and defended in the action by his father and mother, who were present in court at the trial, and were represented by counsel, and defended the action on his behalf.   The defendant in error contends that these facts will supply the want of a guardian regularly and formally appointed, and that under these circumstances the infant is not entitled to maintain his writ of error.

Such appears to be the rule adopted in Vermont.   *Priest* v. *Hamilton,* 2 Tyler, 50.   *Wrisley* v. *Kenyon,* 28 Vt. 5.   *Fuller* v. *Smith,* 49 Vt. 253.   The case cited from Mississippi does not appear to us to go so far, as there a husband was authorized by statute to appear for his infant wife, so that no guardian *ad litem* for her was deemed necessary.   *Frisby* v. *Harrisson,* 30 Miss. 452.   No other decision has been cited by counsel

which goes so far as the Vermont cases, and after some examination we have found none. The practice of having a regularly appointed guardian rests on good reasons. It has been said that the duty of watching over the interests of infants in a litigation devolves in a considerable degree upon the court. *Bank of United States* v. *Ritchie*, 8 Pet. 128, 144. This duty is performed in the first instance by seeing that an infant is represented by a guardian who is suitable to protect his interests in the particular case. The father is usually a proper person to act as such guardian, but not always. There is an obvious advantage in having the fitness of the person who is to act as guardian determined in the first instance, rather than after the trial is over. It was held in *Brown* v. *Severson*, 12 Heisk. 381, that where an infant's mother, who was named as his guardian in his father's will, had appeared in a suit as his guardian, and answered as such, and had been recognized by the court as guardian, the judgment should not be set aside, though no formal appointment as guardian appeared of record. In the case now before us, the infant's parents did not file an answer as his guardians, nor assume to act formally as such, and there is nothing to show that the court recognized them as his actual guardians, or acted upon the assumption that they were such. They were simply his parents. It is laid down in Macpherson on Infants, 353, that no legal right of parentage or of guardianship will enable any one to act for the infant without an appointment as guardian. If there is no guardian of an infant defendant, the plaintiff must bring the matter to the attention of the court, and see to it that one is appointed. *Swan* v. *Horton*, 14 Gray, 179. *Shipman* v. *Stevens*, 2 Wils. 50. *Clarke* v. *Gilmanton*, 12 N. H. 515. *Mason* v. *Denison*, 15 Wend. 64, 67. In *Letcher* v. *Letcher*, 2 Marshall, 153, the mother of infant defendants, who was also herself a defendant, answered for them as their guardian; but she did not appear to have been appointed to defend for them, and the judgment against them was reversed. See also *Irons* v. *Crist*, 3 Marshall, 143; *Searcey* v. *Morgan*, 4 Bibb, 96; *Pond* v. *Doneghy*, 18 B. Mon. (Ky.) 558. In *Swain* v. *Fidelity Ins. Co.* 54 Penn. St. 455, an attorney appeared for an infant at the instance of his mother; but this was held to be insufficient. In *Colman* v. *Northcote*, 2 Hare, 147, Vice Chan-

cellor Wigram refused to receive the answer in equity of a married woman, who was an infant, either separately or jointly with her husband, until a guardian should have been assigned to her. The fact that there are adult defendants joined with an infant defendant, and that all appear by the same attorney, will not avail to prevent the infant from obtaining a reversal of the judgment. *Goodridge* v. *Ross*, 6 Met. 487. *Castledine* v. *Mundy*, 4 B. & Ad. 90. 2 Saund. 212 a, note 4. The father of an infant soldier is not entitled to his bounty money, nor to money paid for his enlisting as a substitute in the army. *Banks* v. *Conant*, 14 Allen, 497. *Kelly* v. *Sprout*, 97 Mass. 169. *Taylor* v. *Mechanics' Savings Bank*, 97 Mass. 345. Nor has a father as such a right to demand and receive a legacy to his infant child. *Miles* v. *Boyden*, 3 Pick. 213, 218. *Genet* v. *Tallmadge*, 1 Johns. Ch. 3. When an infant sues by *prochein ami*, in theory of law the *prochein ami* is appointed by the court, and his authority to act may be revoked by the court. *Guild* v. *Cranston*, 8 Cush. 506.

It seems to us that it is more in accordance with the general current of decisions, and with sound principles, to hold that the facts stated are insufficient to show that the plaintiff in error is bound by the judgment rendered against him. Certainly he ought not to be bound by the appearance of his father and mother for him, unless in point of fact they were suitable persons to represent him in the particular case, and to defend his interests; and the proper time for making the inquiry whether they were so is past. The original answer disclosed the fact of infancy, and the original plaintiff, the present defendant in error, might have had a guardian *ad litem* appointed by making an application to the court.

According to the practice under the statutes of this Commonwealth, even where a judgment is found to have been erroneous by reason of an error in fact, the entry must be judgment reversed. Pub. Sts. c. 187, § 2. *Packard* v. *Matthews*, 9 Gray, 311.

*Judgment reversed.*