STATE OF IOWA on Complaint of ANNA SCHUELLER v. BERNARD STARK, Appellant.

**Bastardy:** PRESENCE OF CHILD IN COURT. In bastardy proceedings against the alleged father of an illegitimate child, there is no rule requiring the separation of the mother from the child while in the courtroom and testifying.

**Same:** VENUE. The venue in a bastardy case was properly laid in the county of the residence of plaintiff's parents, where it appeared, as in this action, that plaintiff was a minor, never having been emancipated, and upon discovering her condition she returned from an adjoining county where she was at work to the parental home, although temporarily absent in another county when the child was delivered.

**Judgments:** INFANTS: APPOINTMENT OF GUARDIAN. No judgment can be rendered against a minor until after appointment and defense by a guardian; and this statutory requirement is not obviated by the fact that a natural guardian was present in court and testified in the minor's behalf.

*Appeal from Benton District Court.*—HON. C. B. BRADSHAW, Judge.

TUESDAY, JANUARY 10, 1911.

THE defendant was found to be the father of Anna Schueller's illegitimate child and judgment entered accordingly. He appeals.—*Reversed.*

*Crosby & Fordyce,* for appellant.

*E. F. Brown,* County Attorney, for the State.

LADD, J.—The baby was born November 21, 1907. Was defendant its father? Prosecutrix so testified, but the defendant denied. The trial occurred in October, 1909, so the child was nearly two years old when held on its mother's lap while testifying, though she stood, in order to keep it quiet, during the cross-examination. No objection to its presence was made, but the court cautioned the jury in the instructions against considering or discussing any supposed or fancied resemblance or nonresemblance with defendant. It was not tendered in evidence as in *State v. Harvey,* 112 Iowa, 416, nor exhibited to the jury in argument as in *State v. Meier,* 140 Iowa, 540, and *State v. Hunt.* But the child was present in court and with its mother, and, as said in *State v. Clemons,* 78 Iowa, 124: "We know of no rule which would require the separation of mother and child while she testified or was present at the trial." Nor was the Supreme Court of Nebraska in *Hutchinson v. State,* 19 Neb. 262 (27 N. W. 113), able to discover any such rule. Had timely objection been interposed, then it must have been overruled.

1. BASTARDY: presence of child in court.

II. The defendant objected to the jurisdiction of the court, on the ground that prosecutrix was not a resident of Benton County when the child was born. The evidence conclusively showed otherwise. She had worked for some time in Linn County, but was little more than sixteen years of age and had not been emancipated. Nor was there anything to indicate that

2. SAME: venue.

she had taken up her residence elsewhere than with her
parents, who had continually resided in Benton County
for many years. She returned there when enceinte, but
was delivered of the child at Iowa City in Johnson County.
Absence for that purpose was temporary and did not affect
the venue as properly laid in Benton County. *Davis v.
Carpenter,* 172 Mass. 167 (51 N. E. 530); *Hodge v.
Sawyer,* 85 Me. 285 (27 Atl. 153).

III.   The defendant testified that he was twenty years
old in June previous to the trial. This was the only refer-
ence to his age, save in the motion for new trial, because

3. JUDGMENTS:
infants:
appointment
of guardian.

of no guardian *ad litem* having been ap-
pointed. This testimony was uncontroverted,
and before proceeding farther a guardian
*ad litem* should have been appointed to defend. Section
3482 of the Code provides that "the defense of a minor
must be by his regular guardian, or by one appointed to
defend for him, where no regular guardian appears or
where the court directs a defense by one appointed for
that purpose. No judgment can be rendered against a
minor, until after a defense by a guardian." That the
entry of judgment without defense by a guardian was
reversible error appears from *Wise v. Schloesser,* 111 Iowa,
16, and cases therein cited. But it is said the error was
obviated by the circumstance that defendant's father was
present in court and testified in his behalf. He may have
been the natural guardian of the person of his son, but
not of his property. Section 3192, Code. "If a minor
owns property, a guardian must be appointed to manage
the same." Section 3194, Code. As parent, he might not
control his son's property interests. *Miles v. Kaigler,* 10
Yerg. (Tenn.) 10 (30 Am. Dec. 426); *French v. Hoyt,*
6 N. H. 370 (25 Am. Dec. 466); *Miles v. Boyden,* 3
Pick. (Mass.) 213; *Kline v. Bebee,* 6 Conn. 500.

Moreover, the statute is explicit in exacting a defense
by guardian, regular or *ad litem,* and in prohibiting judg-

ment unless so made. In this respect, the case is to be distinguished from *Wrisley v. Kenyon,* 28 Vt. 5, which does not purport to construe a statute and in which the infant was jointly sued with the father, and the court held that as the father had notice and defended for both, this was sufficient, relying on *Priest v. Hamilton,* 2 Tyler (Vt.) 50, in which no opinion was filed, and 1 American Leading Cases, 265, which lends no support to the decision. This was followed by *Fuller v. Smith,* 49 Vt. 253, where stress seems to have been laid on the thought that the parent was legally competent to defend. These decisions do not appear to have been followed elsewhere, but in *Johnson v. Waterhouse,* 152 Mass. 585 (26 N. E. 234, 11 L. R. A. 440, 23 Am. St. Rep. 858), they are shown to be contrary to the current of authority and opposed to sound legal principles. See, also, *Letcher v. Letcher,* 2 A. K. Marsh. (Ky.) 158; *Swain v. Fidelity Ins. Co.,* 54 Pa. 455. The language of the statute precludes a construction that defense by a natural guardian is compliance therewith.

A new trial should have been granted.—*Reversed.*