ISAAC WOLINSKI *vs.* LOUIS FINGERMAN & another.

Suffolk.     March 11, 1932. — March 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Broker,* Commission. *Equity Jurisdiction,* To reach and apply equitable
assets. *Equity Pleading and Practice,* Deposit in lieu of equitable
attachment. *Minor.*

In a suit in equity against a father and his minor daughter, the plaintiff
sought to recover a commission as broker in the purchase of a parcel
of land for the defendant father and to reach and apply to the satis-
faction of such indebtedness the proceeds of a judgment against a
municipality in favor of the defendant daughter. It appeared that
a temporary restraining order with reference to such proceeds was
dissolved by an interlocutory decree upon the payment into court by
"the defendant" of a sum of money to be applied in satisfaction of
any decree which the plaintiff might obtain. It did not appear that
such payment was made by the defendant daughter. The judge
found that the plaintiff's services were the efficient cause of a sale of
the parcel to the defendant father; that that defendant caused the
parcel to be placed in the name of the defendant daughter; and that
the judgment secured by the defendant daughter was founded upon
a subsequent taking of the parcel by eminent domain. A final decree
was entered establishing the indebtedness of the defendant father to
the plaintiff and ordering it satisfied from the sum paid into court.
The defendant daughter had no guardian nor guardian *ad litem.*
Upon appeal by the defendants, the evidence was not reported. *Held,*
that
 (1) The findings, that the plaintiff's services were the efficient
cause of the sale to the defendant father and that the plaintiff had
earned a commission, were conclusions of fact and could not be dis-
turbed;
 (2) In the circumstances, no error in the final decree resulted from
the fact that the defendant daughter had no guardian nor guardian
*ad litem*: after payment of the money into court, the plaintiff had no
further interest in any order which might affect her or her property
rights;
 (3) The final decree was to be modified by dismissing the bill as to
the defendant daughter; and as so modified, it was affirmed.

BILL IN EQUITY, filed in the Superior Court on May 20,
1931, against Louis Fingerman and Lena Fingerman, and
afterwards amended.

The suit was heard by *Gray*, J. The bill, as amended, an interlocutory decree, material facts found by the judge, his rulings and a final decree entered by his order are described in the opinion. The defendants appealed from the rulings and the final decree.

*H. Goldberg*, for the defendants.

*J. H. Blanchard*, for the plaintiff.

SANDERSON, J. In this bill of complaint the plaintiff seeks to recover for services rendered the defendant Louis Fingerman under a contract of employment, and to reach and apply the proceeds of a judgment in favor of the defendant Lena Fingerman against the city of Boston in satisfaction of the debt.

The trial judge made findings, rulings and an order for decree in the following terms: "The plaintiff for many years (and at the time of the events hereinafter referred to) was a real estate broker, doing business in East Boston. In the summer of 1928 he had a conversation with the defendant, Louis Fingerman, which the plaintiff relies on as proof of his employment as a broker in this case. Prior to this conversation the plaintiff had talked with the defendant Louis Fingerman about another piece of property on Meridian Street, which he as a broker had for sale; but the defendant refused to pay the price and some one else purchased the property. In this conversation in the summer of 1928 Louis Fingerman, after stating that he was sorry that he had not purchased, asked the plaintiff to find him another piece of property on Meridian Street, and stated that he wanted a property in which he could conduct his business; . . . that he was willing to pay between $20,000 and $25,000 for the property. In pursuance of this request the plaintiff endeavored to find a piece of property which would answer the defendant's purposes and finally located such a parcel of real estate on Meridian Street, East Boston, which was for sale at a price of $20,000. The plaintiff informed the defendant with respect to this piece of property and showed it to him, but as the owner was absent, did not actually introduce him to the owner. The plaintiff had a further talk with the defendant in

which he told him that the property could be purchased for $20,000 and stated if the defendant was willing to wait two or three months it could probably be gotten for $19,000; the defendant replied, 'All right, I'll wait.' Several months thereafter on December 26, 1928, the defendant, Louis Fingerman, purchased this property, but caused title to be taken in the name of his daughter-in-law; and about a year later caused the title to be taken in the name of a daughter. I find that the plaintiff's services were the efficient cause of producing the sale of the property to Louis Fingerman, and that the services were rendered under such circumstances that there was an implied agreement on the part of the defendant, Louis Fingerman, to pay the fair value of the services. I find the fair value of the services to be $650. In accordance with the decree of this court dated May 27, 1931, the plaintiff is entitled to have the money deposited with the clerk of court in accordance with said decree applied to the satisfaction of his claim against the defendant Louis Fingerman."

The final decree established the indebtedness of Louis Fingerman to the plaintiff in a stated sum and ordered that the plaintiff was entitled to have the money deposited with the clerk in accordance with the decree of the Superior Court applied to the satisfaction of the indebtedness of Louis Fingerman thus established, the balance remaining in the hands of the clerk in excess of that sum to be paid to Louis Fingerman, his servants, agents or attorneys. From this decree the defendants appealed.

The interlocutory decree under which the money was deposited with the clerk of court was entered on May 25, 1931, and is entitled "Isaac Wolinski vs. Lena Fingerman, p. p. a. et al." It was assented to by the attorney for the plaintiff and the attorney for the defendants.

The defendant contends that Lena Fingerman, a minor, was not properly before the court because no guardian *ad litem* was appointed for her, citing *Johnson* v. *Waterhouse*, 152 Mass. 585, which held that a judgment cannot properly be rendered in a civil action against an infant who has no probate guardian or guardian *ad litem*, although

her parents in fact represent her at the trial and by the aid of counsel defend the action in her behalf. It is alleged that Louis Fingerman is the real party in interest in the case, that he had the title to the real estate transferred to his minor daughter's name, and that on or about December 24, 1929, the city of Boston took the property for a traffic tunnel. The trial judge found that Louis Fingerman was the purchaser of the property for the taking of which judgment was entered in favor of Lena Fingerman and caused the property to be placed in her name about December, 1929. The action in which this judgment was obtained, the proceeds of which the plaintiff sought to reach and apply, was alleged to have been brought in October, 1930, by Lena Fingerman, a minor. There is no finding to indicate whether or not Lena Fingerman has now come of age, and no decree in the case at bar has been entered against her. It appears that a temporary restraining order which had been entered in the case was dissolved upon payment into court by "the defendant" of the sum of $750 to be applied to the satisfaction of any decree which the plaintiff may obtain. It does not appear that the money was paid into court by the daughter, nor does it appear that her rights, if any, were not fully protected by the trial judge with whose approval the payment was made. In his finding of facts the trial judge refers to Louis Fingerman as the defendant. When the money was deposited in court to be applied in satisfaction of any decree the plaintiff may obtain in this suit, the plaintiff was no longer interested in the part of his bill which sought to reach and apply the judgment obtained by Lena Fingerman against the city of Boston or in the issuance of any order in this suit which might affect her or her property rights. The finding of the trial judge that the plaintiff was the efficient cause of the sale to Louis Fingerman was a conclusion reached by him upon evidence not reported, and cannot be reversed. It does not appear that the plaintiff did not disclose full and complete information as to the price, rental, mortgages and other things necessary to negotiate a sale to the defendant Louis Fingerman, and

no error appears in the refusal to give the defendants' eighth request based upon these assumptions. The question, whether the plaintiff had earned a commission was essentially one of fact, and in the conclusions of the trial judge we find no reversible error.

In the opinion of a majority of the court the final decree should be modified by dismissing the bill as to Lena Fingerman; and in all other respects it is to be affirmed with costs.

*Ordered accordingly.*