## Annette Bielawski v. William Burke

[147 A2d 674]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*Bloomer & Bloomer* for the defendant.

*Conley, Foote & Underwood* for the plaintiff.

**Adams, J.** This is a bastardy proceeding. From the files, record and findings made by the court on certain motions, the following facts appear:—The plaintiff made her complaint before a Justice of the Peace. The defendant, who was, at all times here material, a minor, was brought before the justice and his father, John W. Burke, became bail for him in accordance with V. S. 47, §3267. The father and mother went to Rutland and employed the law firm of Bloomer & Bloomer to represent their son.

The case was entered in the Addison County Court and this firm entered its general appearance for the defendant. Trial was by jury on July 27, 1957, and resulted in a directed verdict of guilty. After a hearing before the court on September 6, the defendant was adjudged to be the father of the plaintiff's child and ordered to pay a certain sum to the plaintiff for the expense already incurred by her for the support, care and maintenance of the child. He was also ordered to pay a certain sum each week to the plaintiff and ordered to enter into a recognizance before the court conditioned that he would abide by and conform to the order. This order was served on the defendant on October 2, 1957. He did not enter into the recognizance or comply with the order.

No guardian *ad litem* was appointed for the defendant at any time during the course of any of the proceedings in the case. At the time of the trial before the jury, he was attending National Guard maneuvers in New York State in connection with his National Guard duties.

On October 5, 1957, Lois G. Burke, the mother of the defendant, was appointed by the Probate Court for the District of Addison legal guardian of the defendant. She filed on that date in the trial court a motion on behalf of her ward. This motion set up the failure to appoint a guardian *ad litem* and that at the time of the trial the defendant was in the military service and moved "that said verdict and judgment order be stricken and that a new trial be granted said William Burke in accordance with the law and rule in such case made and that all proceedings terminating in the alleged verdict and judgment order be voided and held for naught and that he be given his day in court, and said judgment and order be vacated." Subsequent to the filing of this motion, the plaintiff filed a motion for judgment and execution against the bail, John W. Burke.

Both of these motions were heard by the court on February 10, 1958. At that hearing, the plaintiff was present and testified and Lois G. Burke and John W. Burke were present and testified. Counsel who had been present at all stages of the proceedings since the entry of the appearance of counsel for the defendant in county court were also present. The court made findings of fact from which the following additional facts appear:—A member of the firm of Bloomer & Bloomer represented the defendant throughout all stages of the litigation and conducted or participated in all stages of negotiations in connection with a possible settlement. John W. Burke, father of the defendant, was present with this same counsel in all stages of negotiations between counsel and was in court during the preliminary proceedings and negotiations prior to the commencement of the jury trial. At some time, either just prior or subsequent to the empaneling of the jury and prior to the presentation of any evidence, the said John W. Burke, at the suggestion of counsel for the defendant, absented himself from the court room for the purpose of not being present during the actual trial of the factual issues.

The attorney for the defendant filed no plea of infancy or preliminary motion of that fact and never informed the court that the defendant was a minor. No motion was filed to set aside the verdict or to arrest the judgment and no appeal was

taken within the time prescribed by the rules of court or by the law. The guardian excepted to some of these findings within fifteen days from the time they were filed but because of our disposition of the case it becomes unnecessary to consider these exceptions.

The court denied the motion of the guardian to set aside and vacate the judgment and grant a new trial and granted the motion of the plaintiff for judgment and execution against the bail. The case is here on the separate bills of exceptions of Lois D. Burke, as guardian of William D. Burke, and of John W. Burke to the action of the trial court.

■ The first and main question with which we are confronted pertains to the rights of a minor in proceedings of this nature and the procedure to be followed in that connection. No question is made as to the manner in which the questions here presented are attempted to be raised and we give no attention to that subject. *Adams* v. *Cook*, 91 Vt 281, 284, 100 A 42. The plaintiff seems to claim in her brief that the motion of the guardian on behalf of the defendant was filed too late. She does not state any reason for such claim or support it by the citation of any authorities. This is improper briefing and merits no attention. *Knight* v. *Willey*, 120 Vt 256, 258-259, 138 A2d 596. However, it appears that the judgment order is dated September 6, and the motion was filed on October 5, which is within thirty days.

■ It is important to first determine the nature of the proceedings in a case of this type. The proceeding or prosecution in a bastardy action is statutory. Although in form criminal, it is in fact a civil remedy. *Beattie* v. *Traynor*, 114 Vt 238, 241, 42 A2d 435, 159 ALR 1399. The object of the proceeding is not for punishment. It is to ascertain the father and compel him to contribute to the support of the child, if he is adjudged to be the father. The whole proceedings cease if the woman dies or is married before the child is born or should miscarry. All this shows that it is a civil suit and subject to amendment like other civil suits. *Robie* v. *McNiece*, 7 Vt 419, 423-424. To the same effect are *Allen* v. *Ford*, 11 Vt 367; *Gaffery* v. *Austin*, 8 Vt 70, 72; *Sisco* v. *Harmon*, 9 Vt 129,

135; *Spears* v. *Forrest*, 15 Vt 435, 437. See also 7 Am Jur., Bastards, §81, p. 680, note 15; 10 CJS, Bastards, §32, p. 143, Note 80.

█ It has been held by this Court in civil suits generally that an infant is incapable of appearing for himself or of appointing an attorney to appear and defend for him and any such appearance or defense amounts to nothing in contemplation of law. Hence no line of distinction can be drawn, as to the probability of injustice having been done to the infant, between the case where he suffers judgment to pass against him by default, and where the suit is defended in any form short of an appearance and defense by guardian. In each case the infant is deemed to have had his day in court. *Starbird* v. *Moore*, 21 Vt 529, 533.

█ In *Fall River Foundry Co.* v. *Doty*, 42 Vt 412, 416, this Court held that an infant is incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him; and if he do so without the appointment of a guardian *ad litem*, and judgment be rendered against him, he has his remedy to reverse or vacate the judgment, whether the plaintiff knew of the infancy of the defendand or not at the time the judgment was rendered. In such a case the plaintiff proceeds at his peril in this respect. In regard to the necessity for the appointment of a guardian *ad litem* for an infant defendant see 43 CJS, Infants, §109 (b) pp. 284, 286; 27 Am Jur, Infants, §120, p. 840.

We have found several authorities and cases involving bastardy proceedings in which one or both of the parties were minors.

The courts are not in agreement as to whether the general rule that an infant plaintiff must be represented by an adult next friend or guardian *ad litem* applies to filiation proceedings. It has been said that every reason which can be suggested for the suit of an infant by guardian *ad litem* or *prochein ami* in any civil case, in behalf of the infant or the person prosecuted, is applicable to bastardy proceedings. Other cases, however, have taken the view that a guardian *ad litem* or next friend is unnecessary, some stating as a reason therefor that the state

is the real plaintiff and the mother is merely the prosecuting witness. 7 Am Jur, Bastards, §93, p. 687. See Anno. 52 LRANS 800; 50 ALR2d 1029; 10 CJS, Bastards, §31, p. 152.

■ This jurisdiction is committed to the proposition that the plaintiff, if a minor, in a bastardy proceeding, must be represented by next friend or guardian. *Gaffery* v. *Austin*, *supra*, 8 Vt 70, 72; *Sisco* v. *Harmon*, *supra*, 9 Vt 129, 135; *Coomes* v. *Knapp*, 11 Vt 543, 546.

There is also some disagreement as to the necessity for the appointment of a guardian *ad litem* for an infant defendant in such proceedings, or, at least, as to the effect of the failure to make such an appointment. According to one line of cases it is reversible error to permit a bastardy proceeding to be prosecuted against a minor without the appointment of a guardian *ad litem*, when such proceeding is regarded as a civil suit and this is held to be so notwithstanding that the defendant's father, who by statute is the natural guardian of his person, appears as a witness in his behalf. 7 Am Jur, Bastards, §93, p. 688. See Anno. 52 LRANS 799.

See the following cases as holding that a guardian *ad litem* is necessary in bastardy proceedings when the defendant is a minor. *Easton* v. *Eaton*, 112 Me 106, 90 A 977, 52 LRANS 799; *State* v. *Stark*, 149 Iowa 749, 129 NW 331; *Jennings* v. *State*, 125 Okla 1, 256 P 31; *Johnson* v. *Waterhouse*, 152 Mass 585, 26 NE 234, 11 LRA 440. In the Easton case, the minor appeared by attorney and in person and his defense was made by the attorney and it was held that such fact was not sufficient. In the Stark case it was held that a guardian *ad litem* was necessary even though the father of the minor was present and testified.

The plaintiff here relies on the case of *Fuller* v. *Smith*, 49 Vt 253. In that case, which was a bastardy proceeding and in which the defendant was a minor, it appeared that the father went bail for him on the original complaint. The father attended the trial as a witness for the son at the suggestion of his counsel for the son and testified upon material points in the case. He assisted his son and counsel in the impaneling of the jury and was present during the entire trial and interested

himself in the case at its close. Upon these facts, this Court held that the judgment was valid and binding and not voidable by the minor and that, as the natural guardian had appeared and defended the suit, the minor had his day in court and had made defense by one having legal capacity to make it. The case was decided upon authority of *Priest* v. *Hamilton*, 2 Tyler 44 and *Wrisley & Wrisley* v. *Kenyon*, 28 Vt 5. Both of these cases were civil actions in which the father was sued jointly with his son who was a minor and the father defended for himself as well as for the minor. It must be said that they are questionable authority for the holding in the Fuller case.

In *Johnson* v. *Waterhouse, supra,* 152 Mass 585, 26 NE 234, the holding in the Fuller case is mentioned and criticized. It is there said that counsel cite no other case to that effect and that the court finds none.

If there should be a guardian *ad litem* or appearance by next friend for a minor who is the plaintiff in a bastardy action which, as we have seen, is the law in this jurisdiction, there seems to be no valid or legal reason why the same rule should not apply to a defendant who is a minor. We are not willing to extend the holding in the Fuller case, *supra,* 49 Vt 53, beyond the state of facts set forth in that particular case.

The case of *Bordentown* v. *Wallace*, 50 NJL 13, 11 A 267, also relied on by the plaintiff is not in point. That was a suit on a joint bond entered into by the minor and others. It was decided on a question of pleading.

■ It follows and we hold that on the facts in the instant case, as the defendant had no legal guardian at the time of the trial, a guardian *ad item* should have been appointed for him.

■ The obligation to call the attention of the court to the fact that the defendant was a minor so that the court could appoint a guardian *ad litem* for him was with the plaintiff. *Fall River Foundry Co.* v. *Doty, supra,* 42 Vt 412, 416; *Wilder & Snow* v. *Eldredge & Wright,* 17 Vt 226, 230; *Broyhill* v. *Dawson,* 168 Va 321, 191 SE 779.

It becomes unnecessary to discuss the rights of the defendant under the Soldiers and Sailors Civil Relief Act.

*The judgment orders denying the motion of the guardian of the defendant to set aside the judgment order and verdict and grant a new trial and granting the motion of the plaintiff for judgment and execution against the bail, John W. Burke, are reversed and the cause is remanded.*