## Mae E. Billings v. Allen G. Billings
### [187 A.2d 333]

November Term, 1962

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 2, 1963

*Conley & Foote* for the libellant.

*Peter F. Langrock* for the libellee.

**Smith, J.** A divorce was granted to Mae E. Billings, libellant, from Allen G. Billings, libellee, by the Addison County Court on September 25, 1960. While findings of fact were waived by counsel for both parties, the decree states that it is granted on the ground that the parties had lived apart for more than three consecutive years, without fault on the part of the libellant, and that the resumption of marital relations was not reasonably probable.

Notice of appeal to this Court was taken by other counsel than appeared for the libellee in the divorce hearing below. Present counsel represents not only the libellee, but also Ralph Billings, Jr., appointed guardian of the libellee by the Addison District Probate Court on March 27, 1962, under the provisions of 14 V.S.A. §2683, providing for the appointment of a guardian for a mentally incapable person.

The record before us makes it clear that the libellee was committed to the State Hospital at Waterbury as an insane person in 1957. He has not been discharged from that commitment up and until the present time, although he has been in and out of said hospital at various times on conditional discharges. At the time of the divorce hearing in the county court, the libellee was not confined in the state hospital by reason of a conditional discharge, and was present and

testified at such hearing. These facts appeared in the evidence given at the hearing.

The relief sought here by the libellee is a reversal of the judgment of divorce below and a remand for a new hearing. The first ground presented in behalf of the libellee is that the libellee, Allen G. Billings, was insane at the time of the hearing on the divorce in the Addison County Court, and that pursuant to 15 V.S.A. §596, a guardian should have been appointed.

The second ground presented is that a divorce could not be granted to the libellant on the ground of having lived apart from the libellee for three consecutive years if during the three-year period libellee was insane, and for a part of said period, at least, confined in a mental institution.

In considering the first question raised on the lack of a guardian over the libellee at the time of the hearing below, the record makes clear, and the libellant admits, that the libellee was without a guardian. No guardian was appointed by the Addison County Court.

While the question is not raised, it should be noted that the libellee was at that time, as he is now, still under commitment as an insane person. The so-called conditional discharge allows the mentally ill person to leave the confines of the hospital, but may be revoked at any time until a final discharge is given. 18 V.S.A. §§2407-2408.

"If the libellee is insane at the commencement or during the pendency of the libel, the court shall appoint some suitable person as guardian to appear and answer for such party, as a guardian is appointed for an infant defendant in an action at common law." 15 V.S.A. §599.

The libellant in her brief does not seem to question the applicability of the statute quoted above if the insanity of the libellee is properly brought to the attention of the court hearing the case. Her contention is that it is the insane libellee who has the burden of calling his incompetency to the court's attention so that a guardian may be appointed. The libellee's failure to do so acts as a waiver of the libellee's infirmity by the libellee through his attorney, claims the libellant.

As we have just seen, the provisions of 15 V.S.A. §599 provide that a guardian for an insane libellee in a divorce action is appointed

by the court "as a guardian is appointed for an infant defendant in an action at common law." The legislative reason for this provision seems evident. The infant defendant in the common law action is incompetent to direct his defense, or to choose an attorney to appear for him because he lacks the responsibility and judgment which is that of an adult. The insane person, although adult, has lost responsibility and judgment because of his mental illness. Both are incompetent, and the law provides the same safeguards for them in this instance.

This Court held many years ago that a plaintiff proceeding in a case against an infant defendant when no guardian *ad litem* had been appointed did so at her peril. *Fall River Foundry* v. *Doty,* 42 Vt. 412, 416. More recently, in the case of *Bielawski* v. *Burke,* 121 Vt. 62, at 68, 147 A.2d 674, 69 A.L.R.2d 1373, we decided the question upon which party rested the burden of calling the attention of the court, in a suit with an infant defendant, to call that fact to the attention of the court so that a guardian might be appointed.

The late Justice Adams, speaking for the Court, stated, "The obligation to call the attention of the court to the fact that the defendant was a minor so that the court could appoint a guardian for him was with the plaintiff." *Bielawski* v. *Burke, supra.*

The rule must be the same when applied to an insane libellee in a divorce suit, with the burden being on the libellant to inform the court of the legal incompetency of the other party.

This was not done by the libellant in the instant case.

Because the decree must be reversed for the reasons just stated it is not necessary for us to pass upon the second ground briefed by the libellee.

*Decree reversed and cause remanded.*