ELEAZER D. WRISLEY AND CHARLES WRISLEY *v.* RUFUS KENYON.

## *Infant.    Appearance.*

A justice judgment against a minor is valid, and cannot be set aside on account of his infancy, if his father and natural guardian was sued jointly with him, and appeared and defended the suit.

AUDITA QUERELA to set aside a judgment recovered before a justice of the peace, in favor of the defendant against the complainants, on the ground that the complainant Charles Wrisley was

a minor, and appeared only by attorney, and had no guardian *ad litem* appointed to appear and defend for him. Plea, the general issue; trial by the court, March Term, 1855,—POLAND, J., presiding.

Certified copies of the record of the justice were introduced, from which it appeared that the suit was for a trespass committed by the complainants jointly, and it was admitted that, at the time of the rendition of the judgment, Charles Wrisley was a minor, and that the other defendant in that suit, Eleazer D. Wrisley, was his father and natural guardian. Both of the complainants attended the trial and were witnesses, and each one of them took an active part in the preparation and management of the defense of the suit. Luther Henry appeared as counsel, and conducted the defense as attorney for both, but he testified that he was employed by Charles. Nothing was said about Charles being a minor, and no guardian was appointed by the justice to defend for him. Upon these facts the county court rendered judgment for the defendant, to which the complainants excepted.

*L. Henry* for the complainants.

*P. Dillingham* for the defendant.

The opinion of the court was delivered by

ISHAM, J. This writ of audita querela is brought to vacate a judgment which was rendered against the complainants in favor of Mr. Kenyon. The ground of complaint is, that Charles Wrisley, one of the defendants in that suit, was an infant, that he appeared by attorney, and that no guardian *ad litem* was appointed by the court. It appears from the case, however, as well as from the record of the justice, that Eleazer D. Wrisley was the father and natural guardian of the minor, that the suit was prosecuted to judgment against them both, that they appeared at the trial, and that the father took upon himself the defense of the suit. As a general rule infants must defend by guardian. They cannot appoint an attorney, and therefore cannot appear by one. Co. Litt. 135, b. note 220. *Comstock* v. *Carr*, 6 Wend. 526. In cases, therefore, when the infant is sued alone, or jointly with others, it is incumbent on the plaintiff to see that the rights of the infant are

Wrisleys *v.* Kenyon.

protected by a guardian. For that purpose the court, on the application of the plaintiff, will appoint a guardian *ad litem,* as that power is incident to every court; or the plaintiff in the first instance may notify the father of the minor of the pendency of the suit, and if he appears and makes defense the judgment will be conclusive. If notice has been given to the father and natural guardian, no guardian *ad litem* need be appointed by the court, and if an infant sues, or is sued, and his natural guardian is a party, as such, to the proceedings, no ·other admission by the court is necessary, 1 Swift's Dig. 60; *Archer* v. *Frowde,* 1 Stg. 304. If an infant has no natural guardian, notice to his general guardian appointed by the orphan's court will be sufficient, *Mercer* v. *Watson,* 1 Watts, 330. In the case of *Robinson* v. *Swift,* 3 Vt. 283, *it was held* that an infant was bound by a decree of the probate court, in the distribution of an estate, where his guardian was notified and defended. In such cases no guardian need be appointed by the court. In this case the father was jointly sued with the minor. He, therefore, had notice of the pendency of the suit against the minor, and he appeared and took upon himself the defense of the suit. His appearance and defense in that suit was an appearance for the infant, as well as for himself. That the father, as the natural guardian of the infant, is the proper person to be notified, that he may appear and defend, and that a judgment against the minor, under such circumstances, will be conclusive and binding, was decided in the case of *Priest* v. *Hamilton,* 2 Tyler 50. The doctrine of that case is approved in 1 Amer. Lead Cas. 265, and is in accordance with the practice in this state from its earliest period.

The judgment of the county court must be affirmed.