Hoover v. Kinsey Plow Co.

## HOOVER v. KINSEY PLOW CO. ET AL.

1. **Minor:** CONTRACT: DISAFFIRMANCE. Where a contract made by a minor was disaffirmed by him six months after he attained his majority it was held that such disaffirmance was not within a reasonable time, no reason being shown why it was not sooner made.

2. ———: ACTION AGAINST: APPOINTMENT OF GUARDIAN *ad litem.* The appointment of a guardian *ad litem* in an action against a minor is not jurisdictional, and a failure to appoint one is only an irregularity or error, which does not render void a judgment subsequently rendered in the action.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, APRIL 20.

ACTION to set aside a judgment and execution sale made thereon. The petition was filed September 19, 1879, and avers in substance that the judgment was rendered against the plaintiff in said court upon a promissory note upon which the plaintiff was merely surety; that at the time of the execution of the note, and also at the time of the rendition of the judgment, the plaintiff was a minor and was not acting for himself; that service of notice was made by publication only; that no guardian *ad litem* was appointed and judgment was rendered by default; that the plaintiff was the owner of certain town lots in the town of Guthrie; that at the time of the commencement of the action a writ of attachment was issued and levied upon the lots; that judgment having been rendered the lots were sold upon special execution, and are the property in controversy; that the defendant, Robert Crew, claims to be the owner of the lots and to have derived title through the execution sale; that the plaintiff obtained his majority (21 years of age) on the 9th of March, 1879; that he is now and has been from a time prior to the time when the action was brought against him a resident of Michigan, and that he brought this action as soon as the fact that he was a

resident of another state and his limited means would per-
mit. To the petition stating the foregoing facts in substance
the defendants demurred, and the demurrer was sustained.
Judgment having been rendered for the defendants the plain-
tiff appeals.

*W. H. Stiles*, for appellant.

*A. Hill* and *C. S. Fogg*, for appellee.

ADAMS, CH. J.—It was erroneous to render judgment in
the action against the plaintiff before a guardian *ad litem* had
been appointed for him, and an answer filed by the
guardian. Code, § 2566; *Drake v. Hanshaw*,
47 Iowa, 291. The District or Circuit Court in
which a judgment has been rendered has power after the term
to vacate a judgment for erroneous proceedings against a minor.
Code, § 3154, sub. 5. But a petition by a judgment de-
fendant must state the facts constituting a defense. Code, §
3157. The facts relied upon in this case as constituting a
defense to the note are that the plaintiff was a minor when he
executed the note, and that he disaffirmed the same within a
reasonable time after attaining to his majority. There does
not appear, however, to have been any act of disaffirmance
until 'the institution of these proceedings. The plaintiff at-
tained to his majority March 9, 1879, and the petition to va-
cate the judgment was filed September 19, 1879, being a little
more than six months. What, precisely, should be deemed a
reasonable time must depend somewhat upon circumstances.
No circumstance is averred in this case as tending to excuse
delay in disaffirming. The plaintiff's residence in Michigan
is averred, but only to excuse delay in bringing the action.
In *Jones v. Jones*, 46 Iowa, 466 (473), it was held that a con-
tract not disaffirmed within six months was not disaffirmed
within a reasonable time.

It is not shown that the plaintiff was not as fully cognizant

1. MINOR:
contract: dis-
affirmance.

of his rights on the day he attained to his majority as on the day he instituted these proceedings. Under the rule held in *Jones v. Jones*, above cited, we cannot say that the petition shows a disaffirmance within a reasonable time. It follows that in our opinion the petition does not show a defense to the note, and under the statute it was insufficient to justify the court in vacating the judgment.

The plaintiff claims, however, that the judgment is void, independent of any question as to the validity of the note.

2. ——; action against: appointment of guardian ad litem.

His claim in this respect is based upon the theory that the court had not acquired jurisdiction. If the action was brought as an independent action, and not under the statute above cited, it could be maintained only upon this ground.

The court had not of course acquired jurisdiction of the person, in such sense as to give it the power to render a personal judgment. The service of notice was only by publication, but that was sufficient service to sustain the attachment. That the court had jurisdiction to appoint a guardian *ad litem* no one would dispute. The appointment of a guardian *ad litem*, then, is not a jurisdictional fact, and a failure to appoint is merely an irregularity or error. *Drake v. Hanshaw*, above cited.

In our opinion the demurrer to the plaintiff's petition was properly sustained.

AFFIRMED.