JOHN F. EISENMENGER vs. EDWARD MURPHY, impleaded, etc.

November 22, 1889.

**Judgment against Infant without Guardian ad Litem.**—A judgment rendered upon default against an infant over 14 years of age, after service of summons upon him, but without the appointment of a guardian *ad litem*, is erroneous and voidable, but not void.

**Same—Infant, when Bound by Acquiescence.**—It is incumbent upon the infant, within a reasonable time after he becomes of age, having knowledge of the judgment, to take steps to avoid it, or he will be bound by his own acquiescence.

**Same—Application held too Late.**—An unexcused delay of more than a year *held* fatal to an application for relief.

Appeal by defendant Edward Murphy (impleaded with John Murphy, the defendants being sued as partners) from an order of the district court for Ramsey county, *Brill,* J., presiding, denying his motion to set aside the judgment (which was for $244.51) as void as to him.

*R. A. Walsh,* for appellant.

*S. P. Crosby,* for respondent.

DICKINSON, J. This is an appeal by Edward Murphy from an order of the district court refusing to set aside a judgment recovered against

both of the above-named defendants in September, 1883. The judgment was entered upon default, after a personal service of the summons. This application of the appellant, made more than four years after the entry of the judgment, was based solely upon the fact alleged by him, and supported by other affidavits, that at the time of the entry of the judgment he was under the age of 21 years. It further appeared that he was engaged as a copartner with the other defendant in the business of a retail meat market, in the city of St. Paul, under the firm name of Murphy Bros. There were opposing affidavits bearing upon the question of the appellant's age. It further appeared that more than a year prior to the making of this application to set aside the judgment, execution had been issued, and had been returned by the sheriff of Ramsey county unsatisfied. The affidavit of the appellant set forth that he was not aware of the existence of the judgment until "after" the issuing of that execution. The grounds upon which the court below based its refusal to set aside the judgment are not disclosed, but we deem it sustainable, even if it be accepted as a fact that the appellant was a minor at the date of the entry of the judgment; and for these reasons: Upon the case presented upon this motion, it should be taken as a fact that the appellant had nearly attained his majority. The only claim on his part is that he was not 21 years of age. It appears, further, that he was engaged in business on his own account; that he represented himself to be of full age; and, according to the affidavit of one person, made upon information and belief, whose statements were probably based upon his appearance, that he was of full age. The statute provides "that whenever an infant is a defendant he shall appear by guardian, to be appointed by the court in which the action is pending." Gen. St. 1878, *c.* 66, § 31. "Such guardian shall be appointed as follows: * * * When the infant is defendant, upon the application of the infant, if he is of the age of fourteen years, and applies within twenty days after the service of the summons. * * *" Id., § 32. The manner in which the summons in an action shall be served is prescribed by statute. If the defendant is a minor under the age of 14 years, it is to be delivered to him, and also to his father, mother, or guardian; or, if there is

none, then to any person having the care of such minor, or with whom he resides, or by whom he is employed.    "In all other cases, [than those before specified,] to the defendant personally, or by leaving a copy," etc.    Gen. St. 1878, c. 66, § 59.    From the sections of the statutes to which we have referred it is apparent that the prescribed mode of acquiring jurisdiction over an infant 14 years of age and upwards is by the service of the summons upon him as in the case of adult defendants; but it is further required that he shall appear by guardian *ad litem,* who is to be appointed upon the application of the infant himself, if he makes such application "within twenty days after the service of the summons."    Further provision is made, to be pursued in case the defendant neglects to make the application; and the court is further authorized, in section 31, to make such orders as may be necessary for the protection of the rights of an infant defendant. By the service of the summons upon this defendant the court acquired jurisdiction over him, and was authorized to proceed in the cause. It was error to proceed to judgment without the appointment of a guardian, but such irregularity did not affect the jurisdiction of the court.    The judgment was voidable for that cause, but not void. *Simmons* v. *McKay,* 5 Bush, 25; *Hoover* v. *Kinsey Plow Co.,* 55 Iowa, 668, (8 N. W. Rep. 658;) *Barber* v. *Graves,* 18 Vt. 290; *Porter* v. *Robinson,* 3 A. K. Marsh. 253, (13 Am. Dec. 153;) *Bloom* v. *Burdick,* 1 Hill, 130, (37 Am. Dec. 299;) *Blake* v. *Douglass,* 27 Ind. 416; and see *Abdil* v. *Abdil,* 26 Ind. 287; Freem. Judgm. §§ 151, 513.    The judgment being erroneous only, and not void, it was incumbent on the defendant to move promptly to set it aside, or at least within a reasonable time after he became of age.    *Jenkins* v. *Esterly,* 24 Wis. 340.    His right to avoid a judgment would become barred by his own laches.    The principle of the decision in *Goodnow* v. *Empire Lumber Co.,* 31 Minn. 468, (18 N. W. Rep. 283,) is applicable here.    The delay of more than a year after the defendant had notice of the judgment, he being then, as is to be assumed, several years past the age of majority, was such neglect on his own part as should preclude the granting of his motion so tardily made.

Order affirmed.