SCHIMPF *v.* WAYNE CIRCUIT JUDGE.

1. INFANTS—JUDGMENTS AGAINST — NONAPPOINTMENT OF GUARD-
   IAN.
      A judgment against an infant is not void because no guardian
        *ad litem* was appointed to represent him, but is voidable
        merely.

2. SAME—VACATING JUDGMENT—LACHES.
      Where a judgment was rendered against an infant shortly
        before he attained his majority, no guardian *ad litem* having
        been appointed to defend on his behalf, and for seven years
        thereafter he took no steps to have the judgment set aside,
        he was barred by his laches from obtaining such relief.

*Mandamus* by John Schimpf, Sr., and John Schimpf, Jr., to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order setting aside a judgment. Submitted October 8, 1901. Writ granted December 21, 1901.

*George W. Bates*, for relators.

*Bowen, Douglas & Whiting*, for respondent.

MONTGOMERY, C. J. This is an application for *mandamus* to require the respondent to vacate an order setting aside a judgment rendered against Walter I. Owen on the 14th day of September, 1893. It appears that the firm of R. B. Owen & Sons was composed of Russel B. Owen, William B. Owen, and Walter I. Owen, and was indebted to relators on a promissory note. Suit was brought against the members of this firm on the 27th of July, 1893, and due service had, resulting in judgment, as before stated, on the 14th of September, 1893. On the face of the record, the proceedings are regular. On the 20th of November, 1900, a motion was made by the defendant Walter I. Owen to set aside the judgment by default as to him, on the ground that he was a minor at

the time suit was commenced and judgment rendered, and that no guardian *ad litem* was appointed to represent him in the suit. This motion was granted, and it is to vacate this order that the present proceeding is had. The affidavit of petitioner states that he was 20 years of age when suit was instituted. He became 21 very shortly after the judgment was rendered.

There can be no doubt from the record that due service of process was had upon the defendant. The judgment was not void because of the failure to appoint a guardian *ad litem*, but voidable merely. See note to *Johnson* v. *Waterhouse*, 11 L. R. A. 440, and cases cited (s. c., 152 Mass. 585, 26 N. E. 234, 23 Am. St. Rep. 858). More than seven years elapsed from the time the judgment was rendered before the defendant took any steps to set aside this judgment. We think he was guilty of such laches as barred his right to have the judgment vacated. See *Barnes* v. *Gill*, 13 Abb. Prac. (N. S.) 169; *McMurray* v. *McMurray*, 41 How. Prac. 41; *Kemp* v. *Cook*, 18 Md. 130 (79 Am. Dec. 681).

The writ of *mandamus* will issue.

The other Justices concurred.