A. H. REUPKE v. D. H. STUHR & SON GRAIN COMPANY, Appellant.

**Master and servant:** EMPLOYMENT OF HELP: AUTHORITY OF AGENT. 1 Where the authority of the manager of a grain business to employ help is not expressly limited and there is a proven custom to employ solicitors for a year or longer, it will be presumed in the absence of a contrary showing that the authority was conferred in conformity with the custom; and an employé given a contract for a year will be protected when entered into in good faith and with reasonable prudence.

**Evidence:** CUSTOM. The testimony of a witness on the question 2 of a custom, that he had read of the same, was not prejudicial where the existence of the custom was not disputed.

**Instructions:** ERRONEOUS USE OF WORDS. The erroneous use of the 3 word "defendant" for "plaintiff" in an instruction was not prejudicial, where, from the instructions as a whole or the paragraph in which the error occurred, the jury could not have been misled.

**Instructions:** INCONSISTENT CLAIMS. The statement of a servant 4 made out of court should be wholly inconsistent with his claim for compensation for the balance of his term after a claimed wrongful discharge, to require an instruction on the question of his having voluntarily left the employment.

*Appeal from Scott District Court.*— HON. J. W. BOLLINGER, Judge.

TUESDAY, FEBRUARY 14, 1905.

SUIT to recover compensation for personal services. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Lane & Waterman,* for appellant.

*Cook & Dodge,* for appellee.

SHERWIN, C. J.— The defendant was a corporation,

whose business was managed by D. H. Stuhr. Stuhr was given authority to employ the help necessary to properly conduct the business, and contracted for the plaintiff's services as a grain solicitor for the term of one year from the 15th day of August, 1902. The defendant discharged him before the expiration of this time, and this suit was brought to recover the contract price for his services for the months of May and June. Stuhr was not employed for a fixed period, and the appellant contends that he had no power to contract with the plaintiff for one year. The rule is that a manager of a corporation cannot engage employés for a long future period without express authority. There was no express limitation of Stuhr's authority to employ for a definite time. He had the sole management of the business, and so far as the record discloses, was the only one connected therewith authorized to make such contracts. It is a fundamental rule that, where the principal confers upon his agent authority to transact business in reference to which there is a well-known usage or custom, it is the presumption of the law, in the absence of anything to indicate a contrary intent, that such authority was conferred in contemplation of the usage, and third persons who deal with the agent in good faith and in the exercise of reasonable prudence will be protected. *Steinke v. Yetzer,* 108 Iowa, 512; *Davenport v. P. M. & F. Ins. Co.,* 17 Iowa, 276; *Ceeder v. Loud & Sons L. Co.,* 86 Mich. 541. There was ample evidence that it was the custom in the territory where the defendant operated to employ grain solicitors for a term of one year or longer. The contract to pay the plaintiff from the 15th day of August was ratified by the defendant, and there was also evidence tending to show that the entire contract was ratified.

It is said that the verdict was contrary to the instructions on the question of using due diligence to obtain other employment. Without determining whether the burden was properly placed in the instructions, we are clearly of

the opinion that there was sufficient evidence on the subject to warrant the finding of the jury.

The answer of the witness Neelands that he had read of the custom in question was not prejudicial to the defendant, for the testimony of the other witnesses that there was such a custom was undisputed.

The use of the word " defendant " in place of " plaintiff " in one of the instructions could not have prejudiced the appellant. Twelve reasonably intelligent men could not have been misled thereby, if they paid the least attention to the instructions as a whole, or to the meaning of that paragraph.

The appellant's answer alleged that it discharged the plaintiff on the 30th day of April, 1903, and that he was not thereafter in its employ. On the cross-examination of the plaintiff, he testified that he had said to another employé of the defendant that he should stand by the manager, Stuhr. This conversation was in May, after the appellant had discharged Stuhr, and after it had discharged the plaintiff, according to its answer and its evidence. The statement was not so inconsistent with the plaintiff's claim as to require an instruction on the subject of his voluntarily having left the defendant's service.

We think the verdict fully sustained by the evidence, and the judgment is *affirmed*.