## MATILDA EUBANKS v. SARAH McLEOD.

### [63 South. 226.]

1. APPEAL AND ERROR. *Process. Defective service. Infants. Actions. Guardian ad litem. Failure to appoint. Equity. Decree. Evidence. Necessity. Landlord and tenant. Adverse possession.*

    The question of the validity of service of process on a minor defendant does not arise where the original bill upon which process was issued was dismissed, and the decree rendered was in response to a cross-bill filed by both adult and minor defendants, and which was retained and proceeded with as an original bill.

2. SAME.

    The fact that in filing a cross-bill the minor cross complainants were not represented by a guardian *ad litem*, or next friend was a mere irregularity, and did not deprive the court of jurisdiction to proceed in the matter, and its decree cannot on that ground be attacked collaterally, as the infancy of the plaintiff in such case can be availed of only by plea in abatement.

3. EQUITY. *Decree. Evidence. Necessity for.*

    Where an adult defendant to a cross-bill agreed that the relief prayed for might be granted without the introduction of evidence, it was unnecessary to introduce any evidence in support of the allegations of the cross-bill, since this agreement placed the cause in the same situation, that it would have been, had the allegations of the cross-bill been admitted by formal answer.

4. LANDLORD AND TENANT. *Adverse possession.*

    Continuous possession of land for ten years does not confer title where such possession is not under claim of title but for at least a part of the time is held under a lease from the true owner.

APPEAL from the circuit court of Greene county.
HON. J. L. BUCKLEY, Judge.

Suit by Matilda Eubanks against Sarah McLeod and others. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Rich & Hamilton,* for appellant.

The main point is on the validness *vel non* of the chancery proceedings on account of the service of the minors. This case comes squarely within the case of *McIvoy* v. *Alsop,* 45 Miss. 365, 373. Where the court construing the statute as to service on minors held that, where, from the bill, it appeared who was the mother of the minors, and there was no father (the bill in the McLeod case showing also the father's decease) and where mothers and infants were included in the summons and the return there as here, being that there was execution by service on all the persons therein named, by giving a copy to each, it was held that it was not necessary to give two notices to the mother.

The court per Simrall, Jr., holds "it would have been an idle ceremony to have given the mother two copies. The purpose of the statute has been met" this case had the point presented squarely, the remainder of the bench at that time being Chief Justice PEYTON and Associate Justice TARBELL.

In *Smith* v. *Pattison,* 45 Miss. 619, 625, it was held that though it was necessary that the records show who the mother was that such showing in the bill was sufficient.

The case of *Gibson* v. *Currier,* 83 Miss. 234, discusses the same question as the McIvoy case but it is shown on page 253 of the opinion that this discussion was *obiter*. The facts were that nowhere was it shown that there was no guardian, no mother or father and the proceeding was for an amendment for both the process and the return. The discussion of the McIvoy case follows by way of criticism. The case of *Erwin* v. *Carson,* 54 Miss. 284, is stated as overruling the McIvoy case whereas that case

simply held that the relationship, or lack of mother, father or guardian must be shown some where in the record and it would seem that Mr. Justice CAMPBELL in rendering the opinion in the Erwin case had he thought it impinged on the McIvoy case he would have said so, and the mere statement of the requirement of service on father, mother, or guardian is necessary was but a repetition of the statute the construction of which the court had before it directly in the McIvoy case. As showing no conflict was involved the earliest case of all, *Ingersoll* v. *Ingersoll,* 42 Miss. 162, is followed in *Erwin* v. *Carson* without indication that the intermediate McIvoy case is affected.

This Gibson case has a vigorous dissent by Mr. Justice CALHOUN. The Gibson case cites *Hodges* v. *Wise,* 16 Ala. 509, where no service was had at all on the minor and the parents served were defendants and served simply as such.

The McIvoy case is supported by two or several well-reasoned decisions where the same point is squarely presented and under a like statute in *Lawrence* v. *Connor,* 14 S. W. 77. Also *Cheatham* v. *Whitman,* 6 S. W. (Ky.) 595.

A similar point is considered in *DeKalb* v. *German, etc.,* 65 Pa. (Wash.) 559, where a similar result is reached. This last case is also reported in 87 American State Reports, 757.

We earnestly insist therefore that the Gibson case did not overrule the McIvoy case the point not being necessary to the decision and that the McIvoy case is supported by reason and authority and is decisive of this appeal.

*Ford, White & Ford* and *E. W. Breland,* for appellee.

It is practically conceded by counsel for appellant that this decree was void and the judgment of the circuit court was correct, unless the court can be induced to overrule the recent case of *Gibson* v. *Currier,* 83 Miss. 234.

We respectfully insist that not only does Gibson v. Currier announce the correct principal as to service of process upon minors, but that decision on this point was not *obiter* as appellant claims.   Until that decision is completely overturned, the jurisdiction cannot be conferred upon minors by a simple return of process showing that the minor had been served with the writ and also that his father or mother had likewise been served.

But the record in this case does not even bring the case within the rule announced in *McIlvoy* v. *Alsop,* 43 Miss. 365.   In that case it did appear in the record that the minor who was made defendant had no guardian and moreover it appeared that each of the minors were served with process.. In order to confer jurisdiction we submit that it is as essential that the record in the cause, not the return of the officer, should show that the minor had no legal guardian upon whom the process could be served as it is that he has no mother or father living, even though the record does show that his mother be living. Where is anything in this record to show that these Dickinson children had no legal guardian? Perhaps the trifling sum that this land brought might raise the presumption that the appointment of a guardian would be unnecessary, but we submit that even though the court should abandon the rule announced in Gibson against Currier, which simply requires that the law be followed in such matters, that the appellant in this case is no better off, for the simple reason that nowhere in this record does it appear that these children had no legal guardian upon whom process could have been served.

An inspection of the return made by the sheriff on this summons shows not only a failure to comply with the provisions of this statute as to serving process upon minors, but a total failure to comply with the statute as to service of adults.   The return simply states that he ''executed the within process by handing a true copy of same to the within named defendants.   This, the 24th

day of July, 1896." If these defendants had all been *sui juris* on that date, which they were not, as it plainly appears by the record, it is insisted that this return was wholly insufficient to warrant a *pro confesso* or judgment by default. The return does not say that he handed true copies of the same to the defendants so as to raise the presumption that he handed a copy to each of them, nor does it recite anywhere that he handed a true copy to each of the defendants. The only inference to be drawn from this return is that he handed a copy of the process to one of the defendants. If he had handed one to each of the defendants it would have been easy enough to have so stated it, or if he used more than one copy of the writ in making the service of the process, he certainly would not have used the word "copy." So this was a case in which the only way that these minor defendants become connected with the litigation was by an appearance by an attorney at law and the whole proceeding after such appearance was conducted just as though they had been adults.

We submit that such a return was wholly insufficient to confer jurisdiction upon the court so far as it affected the interest of these minors. That neither the minors themselves, the attorney who appeared for them nor the court, had any power to disregard the plain mandate of the law and undertake to deal with their property as if they were adults.

It will also be observed that after these minors were brought into the court on the voluntary appearance of an attorney, that this attorney, acting in good faith no doubt, undertook to bind them by agreement. The decree on which the sale was based recites that it was rendered upon the agreement of the parties as shown in the record. We submit that this agreement agreeing to the sale of the lands of a minor, without proof to show the necessity for the sale, was plainly in violation of section 574 of the Code of 1906, and of the similar statute then in force in the Code of 1902.

In *Cox* v. *Kyle,* 75 Miss. 667, it was held that the proof warranting a sale of lands for partition between tenants in common must be in writing and in the record and that a decree based upon oral evidence taken pursuant to a written agreement in the record is not sufficient to support the decree.

So we respectfully insist that this decree was actually void because based upon an· agreement made by an attorney in behalf of four minors, who had never been brought into court, and who could not have been acting as guardian *ad litem,* for the reason that there had not been such service upon ·minors as to warrant such appointment, even though he had been attempting to act in that capacity. See *Irwin* v. *Carson,* 54 Miss. 284; *Frank* v. *Webb,* 67 Miss. 467.

There is no pretense in this case that any of the parties to this suit ever ratified this illegal performance by an acceptance of the munificent sum awarded them.

On the contrary such evidence as was offered on this line shows that one of the defendants to this proceeding, to wit, Sarah McLeod, had been in the continuous adverse occupancy of this land ever since the partition suit ended.

SMITH, C. J., delivered the opinion of the court.

This is a suit in ejectment, instituted in the court below by appellant to recover of appellees possession of certain land. One Joel Dickinson died several years since intestate, leaving as his heirs a widow and several children. Some time after his death one of these children, Sarah McLeod, filed her bill in the chancery court of Greene county against the widow and other children of Joel Dickinson, deceased, alleging that during his lifetime her father had made her a verbal gift of the land here in controversy, and praying that her title thereto, which she alleged had become perfect by adverse possession, be confirmed. Four of the defendants to this bill were minors. This fact does not appear from the bill,

however, and the summons seems to have been executed upon all of the defendants as if they were adults; the return of the sheriff being in the following language: "Executed the within process by handling a true copy of the same to the within-named defendants, this the 24th day of July, 1896.  J. E. MILLER, Sheriff, by C. L. EUBANKS, D. S."

On the 14th day of September following the services of this process, defendants, by attorney, filed an answer to this bill, denying the complainant's right to relief, and made their answer a cross-bill, alleging that they, together with complainant and cross-defendant, Sarah McLeod, were the joint owners of the land, that it was incapable of division in kind, and praying that it be sold for partition.  This answer and cross-bill contained no allegation of the minority of the minor defendants, nor were they represented by guardian *ad litem* or next friend.  To this cross-bill an answer was filed by complainant and cross-defendant; but afterwards she, together with the attorney for defendants and cross-complainants, entered into a written agreement that her bill of complaint should be dismissed, the cross-bill retained, and a decree thereon entered for the sale of the land and division of the proceeds thereof.  Pursuant to this agreement a decree was entered on the 15th day of April, 1897, appointing a commissioner to sell the land and report at the next term of court.  This he did, reporting a sale to L. H. Eubanks.  This sale was confirmed by the court, and the commissioner directed to execute a deed to the purchaser, L. H. Eubanks, which he did on the 15th day of May, 1898.  Afterwards Eubanks died intestate, leaving several heirs, who, on the 2d day of March, 1907, conveyed the land to appellant herein.

After introducing the foregoing facts in evidence, appellant rested her case, whereupon, on motion by appellees, all of her evidence was excluded by the court, and the jury peremptorily instructed to find for appellees.  It

is contended by appellees that the decree rendered in the partition suit is void for two reasons: (1) Because the summons was not executed upon the minor defendants in the manner provided by law; (2) because the "decree for the sale of the land in this case, in which there were four infant defendants, was not based upon any proof to support the allegations of the cross-bill, but was based upon an agreement signed by an attorney for these minors, just as though they had been adult defendants, and wherein the attorney was not even acting as guardian *ad litem,* or as the next friend of the infant defendants."

The question of the validity *vel non* of the service of the process upon the minor defendants does not arise upon this record, for the reason that the original bill upon which this process was issued was dismissed, and the decree rendered was in response to a cross-bill filed by both the adult and minor defendants, and which was retained and proceeded with as an original bill. It is true, in filing this cross-bill, the minor cross-complainants were not represented by a guardian *ad litem* or next friend; but their not being so represented was a mere irregularity, did not deprive the court of jurisdiction to proceed in the matter, and its decree cannot on that ground be attacked collaterally. 10 Ency. Plead. & Prac. 596. This is a necessary implication from *Gully* v. *Dunlap,* 24 Miss. 410, wherein it was held that the infancy of the plaintiff, who had sued in his name, instead of by next friend, could be availed of only by a plea in abatement.

It was unnecessary to introduce any evidence in support of the allegations of the cross-bill, since the defendant thereto, an adult, had agreed that the relief prayed for might be granted without the introduction of evidence. This agreement placed the cause in the same situation that it would have been, had the allegations of this cross-bill been admitted by a formal answer.

Appellees also contend that they have, conceding the commissioner's deed to L. H. Eubanks to be valid, ob-

tained title to the land in controversy by adverse posses-
sion. It does appear from the cross-examination of some
of appellant's witnesses that appellees have been in con-
tinuous possession of this land since the execution of the
commissioner's deed; but it does not appear that their
possession was under claim of ownership. On the con-
trary, they seem to have been in possession, at least for
a part of the time, under a lease from L. H. Eubanks.

*Reversed and remanded.*