[Civ. No. 822.   Fourth Appellate District.—March 26, 1934.]

BEN SMITH et al., Respondents, v. FRANK WAGNER, Appellant.

Borton & Petrini for Appellant.

Walter Hoye for Respondents.

JENNINGS, J.—This is an appeal by the defendant from a judgment in favor of plaintiffs rendered by the trial court and an attempted appeal from the court's order denying a motion for a new trial. The action was instituted by plaintiffs to recover damages for the death of their minor son, which was alleged to have been caused by the gross negligence and wilful misconduct of defendant in operating an automobile in which the deceased was riding as the guest of defendant. The action was tried before a jury, which returned a verdict in favor of plaintiffs in the amount of $3,500.

Appellant's first contention is that he was a minor at the time the trial of the action occurred and that the failure of the trial court to appoint a guardian *ad litem* for him rendered the judgment voidable and that by reason of the failure to appoint a guardian appellant was entitled to disaffirm the judgment and that appeal from the voidable judgment is a proper method of disaffirmance.

The record on appeal fails to disclose that appellant applied to the trial court for the appointment of a guardian *ad litem*. It does disclose that through his counsel he filed an answer verified by himself to the amended complaint; that on the date appointed for the trial of the action he appeared in court and through his counsel he announced that he was ready for trial; that he proceeded to trial; that he testified as a witness in his own behalf and that another witness testified for him; that he did not specifically direct the court's attention to the fact that he was a minor; that the only information respecting appellant's age which was conveyed to the court during the trial of the action was presented by appellant when he was called by respondents as a witness under section 2055 of the Code of Civil Procedure and during his cross-examination by

respondents' counsel was asked ''How old are you?'' to which he replied ''I am 19 now''; that at no time during the proceedings did he make any further reference to his minority; that after judgment was rendered against him he then for the first time formally advised the court of the fact of his minority on his motion for a new trial.

The above-narrated facts are so similar to those which appear in *King* v. *Wilson*, 116 Cal. App. 191 [2 Pac. (2d) 833], that we consider the opinion therein decisive of appellant's contention in this regard. If it be conceded that the failure to appoint a guardian *ad litem* was an irregularity it was not, under the circumstances disclosed by the record, such an irregularity as affected the substantial rights of appellant and does not constitute an error of such importance that of itself requires a reversal of the judgment.

Appellant's second contention is that section 141¾ of the California Vehicle Act, popularly known as the ''Guest Law'', was so amended in 1931 that it eliminated gross negligence as a basis for the recovery of damages in an action of this character. The record discloses that the accident which caused the death of respondents' minor son occurred on May 19, 1931. At that time the above-mentioned statute permitted a recovery by a guest either for gross negligence or for wilful misconduct. The California legislature so amended the law in 1931 that it eliminated gross negligence as a basis for the recovery of damages by a guest. This amendment to the law did not take effect until some time subsequent to the happening of the accident and the death of respondents' son which resulted from it. It is appellant's contention that the right of respondents to plead gross negligence as a basis for the recovery of damages is purely remedial and that the amendment of 1931 is retroactive and its effect is to cut off the remedy for the recovery of damages for gross negligence. The very recent decision of the Supreme Court in *Stotts* v. *Blickle*, 220 Cal. 225 [30 Pac. (2d) 392], is adverse to appellant's contention and is decisive of the question.

We do not understand that there is any contention by appellant that no evidence tending to prove that appellant was guilty of gross negligence was submitted to the jury. Such contention, if advanced, would be untenable. Evidence was produced by respondents which showed that ap-

pellant, immediately prior to the occurrence of the accident, drove the automobile around a curve having an angle of approximately 66 degrees at a speed of between 50 and 60 miles per hour. ■ The question of gross negligence was one for the jury under proper instructions given by the court (*Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]; *Anderson* v. *Ott*, 127 Cal. App. 122 [15 Pac. (2d) 526]). Appellant makes no contention that the jury was not fully and properly instructed as to the law.

For the reasons stated the judgment is affirmed and the attempted appeal from the order is dismissed.

Barnard, P. J., and Marks, J., concurred.