(No. 6256.   April 21, 1936.)

HUSTON TROLINGER, Appellant, v. CONNA CLUFF, Respondent.

[57 Pac. (2d) 332.]

James R. Bothwell, Harry Povey and Andy Myers, for Appellant.

Chapman & Chapman, for Respondent.

BUDGE, J.—This action was brought by appellant seeking to cancel, annul and set aside a judgment entered against him, the sole reason urged being that when the judgment was entered appellant was a minor and did not appear by general guardian and no guardian *ad litem* was appointed in the action in which the judgment was entered.

The findings of the court, which are sustained by the evidence, clearly relate the situation: May 9, 1933, respondent herein instituted an action against appellant to recover damages. Summons was served upon appellant and he then appeared in said action by demurrer, amendment to demurrer, motion to require plaintiff to separately state and number, amendment to motion to require plaintiff to separately state

and number, motion to strike, motion to elect, and demand for bill of particulars. On August 2, 1933, appellant filed his answer in said action, appearing by three members of the bar, being the same attorneys who are his counsel in the instant action. The damage action was tried before the court with a jury and was concluded on October 11, 1933, the jury returning a verdict in favor of respondent herein. Appellant appeared in the damage action in person, his father was present at the trial and assisted him in the employment of counsel, appellant, his father, and numerous other witnesses in appellant's behalf were called, sworn and examined, the cause was vigorously contested, instructions were requested by appellant, the cause argued by appellant's counsel, and judgment was duly entered in favor of respondent. Thereafter appellant filed his motion to retax costs, which said motion was denied, the judgment was recorded, there was no motion for new trial nor to vacate said judgment and no appeal to this court. The judgment has not been satisfied and the same now appears as a binding judgment and obligation against appellant. It was further found by the court that in none of the pleadings filed by appellant in said action was the age of appellant mentioned or alleged, that appellant did not in that action at any time make application for the appointment of a guardian *ad litem*. Likewise respondent made no application for the appointment of a guardian *ad litem* and none was appointed in said action at any time. The court further found that appellant's counsel were and are members of the bar of this court and that appellant's defense was fully and ably presented both as to questions of law and fact to said court and jury and was fully and ably argued by his counsel to said jury and that said judgment was and is the result of a complete judicial investigation resulting from a trial before a court and jury, extending over a period of six days. The court found that during the progress of the trial appellant testified he was under the age of twenty-one years, and that his twenty-first birthday would occur on July 28, 1934, and that respondent testified upon the trial that appellant had denied his said age to her and had stated to her that he was older.

The trial court entered judgment for respondent, upholding the former judgment and this appeal was taken.

The question presented is: Under the foregoing facts, briefly, after a minor of the age of more than 14 years has been duly served with process, appears in person and by counsel, files an answer and other pleadings, goes to trial, is represented therein, awaits the return of the verdict and judgment without setting up his infancy, can he, after judgment against him, upon reaching majority interpose his minority as a *sole* ground for setting aside the verdict and judgment?

The statutes indicate a distinction is to be drawn between infants under the age of 14 years and those who have reached the age of 14 years or more, I. C. A., sec. 5–307, providing:

"When a guardian is appointed by the court or judge he must be appointed as follows: . . . .

"When the infant is defendant: *upon the application of the infant if he be of the age of fourteen years,* and apply within ten days after the service of the summons; if he be under the age of fourteen or neglect so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant. . . . . " (Italics added.)

Probably the greatest distinction recognized between infants under and over the age of 14 years is with relation to the manner of service of summons in order for the court to acquire jurisdiction, I. C. A., sec. 5–507, providing that in order to acquire jurisdiction of an infant under the age of 14 years service must be had on another person as provided in the statute in addition to the minor, while if the minor be of the age of 14 years or more the court acquires jurisdiction by personal service on such minor only, the state reciting in part: . . . .

"The summons must be served by delivering a copy thereof as follows: . . . .

"4. If against a minor *under* the age of fourteen years residing within this state, to such minor personally and also to his father, mother, or guardian, or if there be none in this state, then to any person having the control or care of such minor or with whom the minor resides, or in whose service he is employed. . . . . *In all other cases to the defendant personally.*" (Italics added.) (*Brown v. Lawson,* 51 Cal. 615;

*Bolling v. Campbell,* 36 Okl. 671, 128 Pac. 1091; *Bolling v. Gibson,* 36 Okl. 678, 128 Pac. 1093.)

After jurisdiction has been acquired by the court by service upon the minor of the age of 14 years or more the further question presents itself as to the effect of the provisions of I. C. A., sec. 5–306, providing:

"When an infant . . . . is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending in each case, or by a judge thereof, or a probate judge. A guardian *ad litem* may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, . . . . in the action or proceeding, notwithstanding he may have a general guardian and may have appeared by him.''

As will appear from a reading of the foregoing section it presupposes that there be an action pending, i. e., the infant must have been duly and regularly served with process before the appointment of a guardian. The court must have acquired jurisdiction of the infant party before I. C. A., sec. 5–306, becomes applicable. The situation thus presented in the instant action is what is the effect of a judgment rendered in an action in which the defendant is a minor over the age of 14 years, has been duly and regularly served with process as provided by law in a pending action, but who does not appear by a guardian or guardian *ad litem,* but in which action the minor did appear in his own behalf as heretofore set forth? California Code of Civ. Proc., sec. 373, provides in the identical terms as the above statute (I. C. A., sec. 5–306) that "When an infant . . . . is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending in each case." It has been uniformly held by the courts of California under the foregoing statute, and by the overwhelming weight of authority in other jurisdictions under the identical or similar provisions, that, notwithstanding such provision, where the court has jurisdiction, a judgment or decree rendered against an infant, in a case in which no guardian was appointed for him and in which he did not appear by his general guardian or guardian *ad litem,* is not for

that reason void, and while it may be erroneous, and subject to be reversed or set aside, it is at most only voidable.

"The weight of authority is to the effect that, where the court has otherwise jurisdiction, a judgment or decree rendered against an infant without the appointment of a guardian *ad litem*, while it may be erroneous, and subject to be reversed or set aside, or to be ground for a new trial, at most is only voidable, but not absolutely void; and it may not be even necessarily erroneous and subject to reversal; the error may be amended or cured. It remains in full force and effect until it is reversed on appeal or error or set aside by direct proceedings and is not subject to collateral attack; and this rule applies to decrees in equity as well as judgments at law. Where it clearly appears that a decree is in favor of the infant defendant, the failure to appoint a guardian *ad litem* for him is not reversible error. Where the court has not obtained jurisdiction of the infant by service of process and no guardian *ad litem* has been appointed for him then the judgment is void. It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian *ad litem* or next friend, and the suit or action is not void on that ground alone; it merely affects the regularity of the proceedings, and the defect is amendable, the judgment or decree is not void." (31 C. J. 1121, sec. 266, citing many cases.)

"The appointment of a guardian *ad litem* for an infant defendant, like the appearance of a next friend for an infant plaintiff, is a matter of procedure and not of jurisdiction. That either plaintiff or defendant was without such representative makes the judgment erroneous, but not void." (14 R. C. L., p. 286, sec. 54.)

█ *Childs v. Lanterman,* 103 Cal. 387, 42 Am. St. 121, 37 Pac. 382; *Emeric v. Alvarado,* 64 Cal. 529, 2 Pac. 418; *Foley v. California Horseshoe Co.,* 115 Cal. 184, 47 Pac. 42, 56 Am. St. 87; *In re Cahill's Estate,* 74 Cal. 52, 15 Pac. 364; *Kemp v. Cook,* 18 Md. 130, 79 Am. Dec. 681; *Millard v. Marmon,* 116 Ill. 649, 7 N. E. 468; *Drake v. Hanshaw,* 47 Iowa, 291; *Myers v. Davis,* 47 Iowa, 325; *Hoover v. Kinsey Plow Co.,* 55 Iowa, 668, 8 N. W. 658; *Rice v. Bolton,* 126 Iowa, 654, 100 N. W. 634, 102 N. W. 509; *McBride v. State,*

130 Ind. 525, 30 N. E. 699; *Levystein v. O'Brien,* 106 Ala. 352, 17 So. 550, 54 Am. St. 56, 30 L. R. A. 707; *Holloway v. McIntosh,* 7 Kan. App. 34, 51 Pac. 963; *Walkenhorst v. Lewis,* 24 Kan. 420; *Baldridge v. Smith,* 76 Okl. 36, 184 Pac. 153; *Slemp v. City of Tulsa,* 139 Okl. 76, 281 Pac. 280; appeal dismissed and *certiorari* denied, 281 U. S. 703, 50 Sup. Ct. 407, 74 L. ed. 1127; *First Nat. Bank of Titonka v. Casey,* 158 Iowa, 349, 138 N. W. 897; *Ryan v. Fielder,* 99 Ark. 374, 138 S. W. 973; *Kelly v. Kelly,* (Tex. Civ. App.) 178 S. W. 686; *Austin v. First State Bank & Trust Co.,* (Tex. Civ. App.) 275 S. W. 156; *Reynolds v. Steel,* 170 Ky. 153, 185 S. W. 820; *Harrod v. Harrod,* 167 Ky. 308, 180 S. W. 797; *Parker v. Starr,* 21 Neb. 680, 33 N. W. 424; *Charley v. Kelley,* 120 Mo. 134, 25 S. W. 571; *Eubanks v. McLeod,* 105 Miss. 826, 63 So. 226; *Eubanks v. McLeod,* (Miss.) 69 So. 289; *Eisenmenger v. Murphy,* 42 Minn. 84, 43 N. W. 784, 18 Am. St. 493; *Schimpf v. Rohnert,* 129 Mich. 103, 88 N. W. 384; *Linn v. Collins,* 77 W. Va. 592, 87 S. E. 934, Ann. Cas. 1918C, 86. It appears that in this jurisdiction this court has recognized the general rule and applied it that while the failure to appoint a guardian *ad litem* is irregular if not erroneous, it does not defeat the jurisdiction of the court. In *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073, the mother of W. E. Trask, a minor, sued upon the theory that she was suing for herself and the minor, the opinion reciting in part as follows:

"A motion for a new trial was made and on the hearing of this motion, defendants raised for the first time the proposition that the minor was not bound by the judgment and that the defendants could not be bound. At that time W. E. Trask applied to the court for the appointment of a guardian *ad litem* by an order *nunc pro tunc,* as of the date of the beginning of the trial. Thereupon the court issued the order authorizing the minor to apply for the appointment of some suitable person as guardian *ad litem,* which appointment was made. . . . .

"It must also be conceded that the action of the court was irregular, if not erroneous, in appointing a guardian after the case had been tried.

"In *Rima v. Rossie Iron Works*, 120 N. Y. 433, 24 N. E. 940, it was held that the omission to appoint a guardian *ad litem* of an infant plaintiff before the bringing of an action is not a jurisdictional defect, but is an irregularity merely. To the same effect, see *Clowers v. Wabash etc. Ry. Co.*, 21 Mo. App. 213; *Wolford v. Oakley*, 43 How. Pr. (N. Y.) 118. . . . . Both the mother and the minor are bound by the judgment as it comes here."

The recent case of *Hutton v. Davis*, 56 Ida. 231, 53 Pac. (2d) 345, is not out of harmony with the foregoing cases. Therein the minor was of the age of two years and with relation to service of process is governed by that part of I. C. A., sec. 5–507, relating to minors under the age of 14, in which case service must be made upon someone in addition to the minor. The case in effect recognizes the validity of the judgment secured by the minor, but holds that the appeal must be dismissed because of lack of jurisdiction of the appeal, reciting:

"No effort appears to have been made to conform to the statute requiring the infant to appear by guardian. The stipulation shows the probate court appointed his mother guardian for him and that she qualified as such. This appointment was probably made pursuant to the provisions in the award requiring that the money therein mentioned be paid to a guardian of the minor. It is the duty of the guardian to collect and receive that money for the ward. Therefore she is, in her capacity as guardian for her son, an indispensable party to this proceeding and is an adverse party within the meaning of I. C. A., section 11–202, above quoted. The notice of appeal was not served on her, nor was it addressed to her, nor is she therein named as respondent. . . . .

"The notice of appeal not having been served on the guardian for the infant respondent, and he not being represented here by anyone having authority to represent him, we are without jurisdiction of the appeal and it is, therefore, dismissed."

It will be observed that the appeal was dismissed because of a failure to serve the guardian or anyone having authority to represent the infant.

██ While the judgment rendered in the damage action may have been irregular and erroneous, the rule supported by the great weight of authority is that the failure to appoint a guardian *ad litem* must affect the substantial rights of the infant before the judgment will be set aside, reversed or vacated. It must be made to appear that substantial rights of the infant were affected by the failure to appoint a guardian *ad litem,* such as that the infant had a valid defense to the action, fraud, collusion, duress, or the same grounds upon which an adult might have disputed the judgment. In *King v. Wilson,* 116 Cal. App. 191, 2 Pac. (2d) 833, a judgment was rendered against Ralph Wilson for damages and the opinion therein recites in part:

"The first error assigned by appellant is that at the time of the trial he was under the age of 21 years and that no guardian *ad litem* was appointed in said action in his behalf. The minority of defendant Wilson was not brought to the attention of the court until the hearing of a motion for new trial. The record in this case discloses that the defendant was past 20 years of age at the time of the trial and had no guardian *ad litem* appointed as provided by the code.

"The first question which naturally arises is: Does such a failure to have a guardian *ad litem* appointed go to the jurisdiction of the court . . . .

"The most that can be said is that the failure to appoint a guardian *ad litem* was an irregularity . . . .

"The courts in many jurisdictions have held that the failure to appoint a guardian *ad litem* must affect the substantial rights of the infant. *Harris v. Bennett,* 160 N. C. 339, 76 S. E. 217; *Grauman etc. Co. v. Krienitz,* 142 Wis. 556, 126 N. W. 50; *Martin v. Gwynn,* 90 Ark. 44, 117 S. W. 754. What loss of substantial rights did the defendant in this case suffer? He was ably represented by counsel in every stage of the proceedings. A trial was had by jury, before whom he submitted his evidence, and his case is ably presented on appeal. Wherein are his rights affected and what different judgment would have been rendered, had he been represented by a guardian *ad litem?* None is pointed out. It is said in *Childs v. Lanterman,* 103 Cal. 387, 390, 37 Pac. 382, 383, 42 Am. St. 121: 'Although it is provided in sec-

tion 372, Code Civ. Proc., that, when an infant is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court, yet a judgment rendered against an infant in which no guardian *ad litem* has been appointed is not for that reason void (citing cases) ; and a judgment rendered against him in an action in which he has appeared by an attorney will be upheld as fully as though he had appeared in person (*Barber v. Graves,* 18 Vt. 290; *Marshall v. Fisher,* 1 Jones (46 N. C.), 111; *Townsend v. Cox,* 45 Mo. 401).'

''The failure to be represented by a guardian was no such error as would warrant the court in reversing the trial court on this ground.''

In *Smith v. Wagner,* 137 Cal. App. 556, 30 Pac. (2d) 1020, the same proposition was again considered, the court saying:

''Appellant's first contention is that he was a minor at the time the trial of the action occurred and that the failure of the trial court to appoint a guardian *ad litem* for him rendered the judgment voidable and that by reason of the failure to appoint a guardian appellant was entitled to disaffirm the judgment, and that appeal from the voidable judgment is a proper method of disaffirmance.

''The record on appeal fails to disclose that appellant applied to the trial court for the appointment of a guardian *ad litem*. It does disclose that through his counsel he filed an answer verified by himself to the amended complaint; that on the date appointed for the trial of the action he appeared in court and through his counsel he announced that he was ready for trial; that he proceeded to trial; that he testified as a witness in his own behalf and that another witness testified for him; that he did not specifically direct the court's attention to the fact that he was a minor; that the only information respecting appellant's age which was conveyed to the court during the trial of the action was presented by appellant when he was called by respondents as a witness under section 2055 of the Code of Civil Procedure and during his cross-examination by respondent's counsel was asked, 'How old are you?' to which he replied, 'I am 19 now'; that at no time during the proceeding did he make any further reference to his minority; that after judgment was rendered

against him he then for the first time formally advised the court of the fact of his minority on his motion for a new trial.

"The above-narrated facts are so similar to those which appear in *King v. Wilson*, 116 Cal. App. 191, 2 Pac. (2d) 833, that we consider the opinion therein decisive of appellant's contention in this regard. *If it be conceded that the failure to appoint a guardian ad litem was an irregularity it was not, under the circumstances disclosed by the record, such an irregularity as affected the substantial rights of appellant and does not constitute an error of such importance that of itself requires a reversal of the judgment."* (Emphasis ours.)

In *Carver v. Donin*, 139 Cal. App. 395, 33 Pac. (2d) 841, the question again arose on a motion to vacate a judgment:

"On January 11, appellant, Cirino, duly and regularly filed in said action a document entitled disaffirmance of judgment where she stated that she thereby disaffirmed the judgment 'on the ground that at the time of the trial of said action said defendant was a minor of the age of twenty years, and that said defendant did not become of the age of twenty-one years until December 25, 1933, and that at the time of the trial of said action said minor was not represented by any guardian or guardian *ad litem.*' On the same day, January 11, defendant served and filed notice of motion to vacate the judgment on the same grounds above stated. This motion was made upon the records and files of the action and the affidavit of appellant attached to the notice of motion. In the affidavit appellant stated that she was born on December 25, 1912; that she was not represented at the trial of the action by any guardian or guardian *ad litem;* that at the time of the trial, and also in a deposition given prior to the trial, she testified that she was of the age of 20 years; that plaintiff at all times had knowledge of said facts through his attorney and took no steps to have any guardian or guardian *ad litem* appointed for said defendant; that for said reasons affiant was desirous of having the judgment set aside.

"The said motion having been . . . . heard . . . . without any counter affidavits on the part of the plaintiff, the motion was denied. The present appeal is from the order denying

said motion, .... the plaintiff now moves that the appeal be dismissed, or the order affirmed, on the ground that the appeal is without merit *and that the questions on which the decision of the cause depends are so unsubstantial that they need no further argument.* (Emphasis added.)

"From the bill of exceptions it further appears that the action was brought to trial on December 21, 1933, and was submitted for decision on December 22, and so remained until the findings of fact and conclusions of law were filed on January 5, 1934, followed by entry of judgment on January 8; that the appellant was not represented by any guardian or guardian *ad litem;* that after December 25, 1933, and before the decision of the court or entry of judgment the attorneys of record for appellant communicated additional points and authorities on behalf of appellant to the court, and to counsel for plaintiff, and at such time duly represented the appellant as her attorneys in said action; that at all times up to and including January 8, 1934, appellant did not raise any question as to her minority; that the only reference thereto was the statement of her age in response to a question propounded therefor; that she attended throughout the trial of said action, and aided and assisted her said counsel, both as a witness and in marshaling other witnesses.

"It is provided by section 372 of the Code of Civil Procedure that, when an infant is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending. Appellant relies upon various decisions which establish the rule that a judgment against an infant in an action in which no guardian or guardian *ad litem* had ever been appointed may be disaffirmed by the infant after reaching majority provided he acts promptly and without laches, but that the judgment is not void. .... The subject is reviewed at some length in *King v. Wilson,* 116 Cal. App. 192, 2 Pac. (2d) 833. .... The court held that under the circumstances shown by the record appellant suffered no loss of substantial rights, and the judgment was affirmed. The facts in that case were very similar to those presented in the case at bar, although we have here the additional facts that the decision was not filed and the judgment was not entered until after appellant

attained her majority, and that, after appellant became of age and prior to the decision of the cause, attorneys properly representing her acted in her behalf by presenting to the court additional points and authorities upon the matters submitted, which matter did not include any item relating to the minority of appellant.

"From the foregoing it plainly appears that the ground of appeal relied upon by appellant is without merit, and that the question presented required no further argument.

"The order is affirmed."

In *Sams v. Covington Buggy Co.*, 10 Ga. App. 191, 73 So. 18, the court says that the court very properly refused to set aside such a judgment:

"The minor having brought or filed the suit by his counter-affidavit and made the issue should have been represented therein by his statutory guardian or guardian *ad litem;* and if the matter had been called to the court's attention, or to the attention of the other party, this formal requirement of the statute would doubtless have been complied with by proper amendment. But the minor, in his defense to the suit originally, did not disclose his minority. He silently permitted a judgment to be entered against him without disclosing the fact, and therefore *the irregularity was cured by the verdict. For this reason we think the court very properly refused to set aside the judgment."* (Our emphasis.)

"It is the generally accepted doctrine that an infant cannot avoid a judgment or decree against him merely on the ground of infancy, and that he cannot impeach such a judgment or decree by an original bill except upon grounds that would be available to an adult, such as fraud." (*Robinson v. Floesch Constr. Co.*, 291 Mo. 34, 236 S. W. 332, 20 A. L. R. 1239.)

In *Watson v. Wrightsman,* 26 Ind. App. 437, 59 N. E. 1064, the appellate court of Indiana considered a situation almost identical with that herein and a portion of the court's opinion appears to be particularly appropriate:

"The question thus presented is simply this: After a minor has been duly served with process, appears in person and by counsel, files an answer, goes to trial, and awaits the return of a verdict, without setting up his infancy as a defense, can he then interpose his minority as a ground

for setting aside the verdict? It is a familiar rule of law that the plea of infancy is a personal privilege, and must be pleaded by the defendant in case the record does not disclose his infancy. *Blake v. Douglass,* 27 Ind. 416; *Cohee v. Baer,* 134 Ind. 375, 32 N. E. 920; 1 Black Judgm. sec. 196; *Winer v. Mast,* 146 Ind. 177, 45 N. E. 66; Freem. Judgm. (3d Ed.) secs. 151, 513. . . . . In *Winer v. Mast, supra,* it is said: 'It is true that infancy may be pleaded either in abatement or in bar, depending on the facts shown. In case the facts pleaded show, or do not deny, a good cause of action, but merely disclose that the party is a minor, and therefore cannot maintain or defend the action, then the plea, if made, would be in abatement. Doubtless, however, the court in such case, would appoint a guardian *ad litem* for a minor defendant, and the trial would proceed, *and even if judgment should be entered without such appointment, if not attacked on its merits, would stand.' In the same case it was held that a meritorious defense must be shown by the party who seeks relief, and that the defense must be one of substantial nature, affecting the merits of the case.*

"In the case we are considering, the appellant has not made any showing that he had any meritorious defense to the action. He has not shown a substantial fact affecting the merits of the case. He has not shown fraud, collusion, or error, as suggested by Freeman *supra.* 1 Black, Judgm. sec. 196, says: 'The general disposition of the authorities is to regard the plea of infancy as a personal privilege, that may be waived, and, if it is not pleaded, a judgment against the infant is binding upon him.'

" . . . . In this case, appellee founded her cause of action upon the fact of an assault upon her by appellant, in which he was charged with intending to carnally know her. This was a wrongful act, and for injuries resulting therefrom he was liable to respond in damages, as declared by the authorities. The record does not disclose any fact that even tends to excuse him for the act, and, as we have seen, no defense whatever is shown. Upon service of process, he came into court with counsel and his legal guardian, filed an answer in denial, went to trial, and not until after a verdict was returned against him did he attempt to shield himself behind

his infancy. As the defense of infancy is a personal privilege it seems to us that appellant waived that privilege by going to trial without pleading it. But what would it have availed him, in the first instance, if he had applied for the appointment of a guardian *ad litem*. The guardian could have done no more than to have filed an answer and conducted the defense. This, in fact, was done by able counsel. After verdict, what could such guardian have done other than what was in fact done? Nothing; for a motion for a new trial and in arrest of judgment were duly made, and the appeal to this court was properly prosecuted, and the questions raised fully and ably discussed. We are unable to see how appellant was injured. In the case of *Evans v. State,* 58 Ind. 587, it was held that the failure to appoint a guardian *ad litem* for an infant defendant in a bastard suit, where such appointment had not been requested before the trial of the cause, was not a cause for a new trial. See, also, *Rawles v. State,* 56 Ind. 433, and *DePriest v. State,* 68 Ind. 569. Judgment affirmed.''

''While the evidence shows that appellant knew appellee was a minor, and it is not shown that a guardian *ad litem* was appointed for him, the record shows that he appeared by attorney, filed a general denial to each paragraph of the complaint, and participated in the trial up to the close of appellant's testimony when he moved for and obtained a peremptory instruction in his favor.

'' . . . . *Winer v. Mast,* 146 Ind. 177, on page 183, 45 N. E. 66, . . . .

''We do not think the suggestion in the motion of the minority of the defendant and the failure to appoint a guardian *ad litem* for him authorized the court to direct a verdict in his favor.'' (*Daugherty v. Reveal,* 54 Ind. App. 71, 102 N. E. 381.)

In *Curtis v. Curtis,* 250 Mich. 105, 229 N. W. 622, the Supreme Court of Michigan announces the rule that when a decree is voidable for error in procedure, it is a matter of judicial discretion whether it shall be vacated or not when questioned in a direct proceeding:

''The statute . . . . provides that, after service of process upon an infant the suit shall not be further prosecuted until

a guardian *ad litem* is appointed. The court had jurisdiction of the subject-matter and of the parties. Defendant, though an infant, was before the court by summons, duly served upon her. . . . . Failure to do so (appoint a guardian), however, did not oust the court of jurisdiction, for the statute mentioned is procedural only, but did render the decree voidable if questioned in a direct proceeding such as this. *When a decree is voidable for error in procedure, it is a matter of judicial discretion whether it shall be vacated.* . . . . That the failure to appoint a guardian *ad litem* does not render the decree void is well settled. . . . . We find no abuse of discretion in refusing to vacate the decree for want of appointment of a guardian *ad litem.*"

In *Trask v. Boise King Placers Co., supra,* this court said:

"Sec. 4231, Rev. Codes, (I. C. A., sec. 5–907) provides that 'The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and that no judgment shall be reversed or affected by reason of such error or defect.'

"It does not appear that any substantial rights of the appellants have been materially affected by any error or defect that occurred in the proceedings or trial of this case. (Citing cases.)"

█ It appears that at the time of the trial of the damage action appellant was of the age of approximately 20 years and 3 months, and was before the court by summons duly served upon him. The court had jurisdiction of the parties and of the subject-matter. Appellant has made no attempt to show, nor has he suggested, that he had any meritorious defense, and no fact is presented tending to show fraud, collusion, duress, or that appellant was not properly and ably represented, or any single instance wherein his rights were substantially affected by reason of the procedural fact that no guardian *ad litem* was appointed for him, in fact, the record negatives any such suggestion.

It will be remembered that appellant's father, his natural guardian (I. C. A., sec. 15–1805), was in constant attendance with appellant during the trial, participated therein, testified as a witness and assisted in the employment of counsel. It

has been held that the appearance in, and defense of, a suit by the natural guardian need not be a matter of record and may be shown by parol. In *Fuller v. Smith,* 49 Vt. 253, it is said:

"The case shows that at the time the writ was served upon the complainant, and the trial had which resulted in the judgment sought to be vacated, he was a minor; . . . . that no guardian *ad litem* was appointed by the justice on said trial; and that the question of the minority of the complainant was not raised before the justice at all during the trial. It further appeared . . . . Willard Fuller, the father of complainant . . . . was present at the trial, and testified as a witness upon material points in the case, and that he attended as such witness at the suggestion of the counsel for the complainant; that he assisted his son and his counsel in the impaneling of the jury, and was present during the entire trial, and interested himself in the case to its close. . . . .

"The question presented is, whether, upon the above facts, the judgment sought to be vacated is a valid, binding judgment, or whether it is voidable by the complainant. . . . . But where the party who is legally competent to appear in behalf of the infant has notice of the pendency of the suit, and opportunity to appear and defend the same, and actually does appear and participate in the defense the infant has his day in court, and has opportunity to make defense by one having legal capacity to make it. Where a guardian *ad litem* is appointed for an infant, the appointment should appear of record. But the appearance in, and defense of, the suit by the natural guardian, need not be made a matter of record, and may be shown by parol. The case of *Priest v. Hamilton,* 2 Tyler, 44, and *Wrisley & Wrisley v. Kenyon,* 28 Vt. 5, are full authorities in support of both of these propositions. See also 1 Am. Lead. Cas. 265, marginal pagings and cases there cited. Judgment affirmed."

It seems to us that in a case such as the one at bar, unless the minor, who has reached his majority, makes some showing, to the effect that he has a meritorious defense or that he has been misled, deceived or in some way deprived of some benefit of an independent and unhampered defense, he should not be allowed to disaffirm a judgment obtained in the

manner this judgment was obtained or have the same vacated. After a most diligent investigation of the authorities and a careful consideration of the record in this case, taking into consideration all of the facts and circumstances, we have concluded that sufficient grounds were neither alleged nor established to warrant vacating the judgment. No substantial rights of appellant were denied him.

Judgment affirmed. Costs awarded to respondent.

Givens, C. J., and Holden and Ailshie, JJ., concur.

Morgan, J., dissents.